## SETH MARVIN

### *v.*

## ELIZABETH COLLINS.

1. DOWER — *decree* — *award when a bar.* Where parties were divorced, and the court decreed the husband to pay an annual sum, as alimony, to the wife, and the parties subsequently selected arbitrators to divide the property, who award to the wife her share, specifying it, and declared that it should be received by her in full of her share, part and proportion of the property then belonging to her, or to which she was then, or might be, entitled in her husband's property, previously held, as well as such as he then owned, and the parties had the award, so rendered, entered up as a decree in the divorce case; *Held:* that upon the death of the husband, this decree bars the widow from claiming dower in the premises previously sold on execution against the husband. And it can not be urged that the award was broader than the submission, as the award has been merged into and become the decree of the court, and can not be questioned in a collateral proceeding. In such a case, the only question is, what does it find and determine.

APPEAL from the Circuit Court of Kane county; the Hon. ISAAC G. WILSON, Judge, presiding.

The facts in this case are fully stated in the opinion.

Messrs. BARRY & BOTSFORD, for the appellant.

This court, in the case of *Owens* v. *Robbins*, 19 Ill. 545, have decided, that " Dower will not be assigned in an estate embraced in a contract of purchase, which was assigned by the husband in his lifetime." " If the husband never had a title to land, but only a contract which might ripen into a title, which he assigned, any act of the husband, in completing the title subsequent to the assignment, will not aid the wife in obtaining dower." Also, *Hawley* v. *James*, 5 Paige's Chancery R, page 453, 2d ed.

An award of matters not contained in the submission, will be binding on a party who accepts from the other party performance of his part of it, and ignorance of material facts will not prevent such operation of acceptance, unless he can, and does restore the other party to his former situation. Mass. Digest, 40, Sec. 5 ; *Culver* v. *Ashley*, 19 Pick. 300 ; *Frothingham* v. *Haley*, 3 Mass. 68–70.

*Sumners* v. *Robb*, 13 Ill. 485, and the numerous authorities there cited.

Mr. C. D. F. SMITH, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in chancery, filed by appellee, in the Circuit Court of Kane county, against appellant, for the allotment of dower in several pieces of real estate, which she alleges her deceased husband held, by an equitable title, during his life, and on its being sold she did not relinquish her dower.

On the trial below, appellee introduced a number of witnesses to prove that her deceased husband had purchased the premises, in which dower is claimed, and, although he had paid for the lands, they had been conveyed, by the person of whom he had purchased, to others, at his request. Appellant

introduced the record of a proceeding between appellee and her husband, from which it appears that a divorce was decreed, and the husband was required to pay her a yearly sum, as alimony. Also, that some time subsequent to the decree granting the divorce, she and her husband, for the purpose of having a final settlement of their difficulties, agreed to submit them to arbitration, and chose arbitrators to pass upon the questions submitted, and to divide the property between them.

The award made by the arbitrators was entered of record, and became a decree of the court. After recitals, it declares that appellee should hold, in her own right, the dwelling-house for life, and a quantity of personal property, which they describe as that being in the dwelling, except a few articles which are reserved. The award then contains this clause:

"And we further award and determine, that the above property shall be taken, and considered, as the full and entire share, part and portion of property belonging to said Elizabeth Collins, or to which she shall be entitled hereafter, of all property heretofore, or now, owned or held by the said Thomas H. Collins. And we do further award and determine, that, from and after this date, all liabilities and indebtedness from the said Thomas H. Collins, to the said Elizabeth Collins, arising or accruing by way of alimony, by virtue of a decree of the Kane county Circuit Court, shall cease, and be null and void."

It also appears that appellant was the purchaser, under the assignment of a certificate of sale of the premises, by the sheriff, under execution, to Strader, who assigned to appellant. It is urged, that the award, which became a decree of the court, is so full and comprehensive in its terms, that it cut off, not only appellee's alimony under the previous decree of the court, but also her dower in the real estate of her husband. The terms of the award are broad and comprehensive enough

to embrace dower as well as alimony. The language is, that the property awarded to her, as her own, " shall be taken, and considered, as the full and entire share, part and portion of property belonging to said Elizabeth Collins, or to which she shall be entitled hereafter, of all the property heretofore, or now, owned or held by her husband." This language certainly is broad enough to embrace, and was, no doubt, intended by the arbitrators to embrace, every species of interest which she might have or claim in her husband's property. They had been selected, by the parties, to make a fair and equitable division of the property, as they had been previously divorced and permanently separated. And they say it is her full share, part and portion then belonging to her, or to which she should be entitled thereafter. They were settling the rights of the parties, as they then stood to each other, and they say that what they awarded to her was in full of her present or future rights, as well of property previously owned, as of that he then held.

The award became the decree of the court, by consent of the parties, and, until reversed, it must bind parties and privies; and we are at a loss to perceive any difference between a decree found and rendered by the court, and a decree rendered on an award, adopting its terms and conditions. In either case, the decree is that of the court, and must be binding and conclusive so long as it remains in force. And we have seen that its language would seem unmistakably to embrace her dower, and to bar all claims to it, as well as her alimony. Nor is it an answer to say that the arbitrators exceeded their power. That may be possible, but no objection was taken to the award, and when it became, by consent of parties, a decree, they have no more right to question the propriety of that decree, than if it had been rendered by the court on evidence in the case. The parties can not, after the enrollment of a decree, question its propriety in a collateral proceeding. In such a case, the only question is, what did the court

decree, and not what it should have decreed. In this case, we are of the opinion that the award and decree barred the dower of appellee in the premises, and the decree of the court below must, therefore, be reversed and the cause remanded.

*Decree reversed.*