## Josephine Long, Appellee, v. John M. Barton et al., Executors, Appellants.

1. DECREE—*when cannot be attacked.* A decree of divorce cannot be collaterally attacked.

2. CONTRACTS—*when cancellation of ante-nuptial contract effective.* A decree of divorce fixing alimony in gross and providing that the same be in lieu of all dower rights, etc., operates to cancel an ante-nuptial contract providing for the payment of a gross sum in lieu of dower.

Contested claim in court of probate. Appeal from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1907. Reversed. Opinion filed April 21, 1908.

J. B. MANN, for appellants.

MABIN & MORRIS, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

On October 1, 1901, Philip H. Barton and appellee entered into an ante-nuptial contract, whereby Barton, in consideration of a marriage to be solemnized between said parties, agreed that appellee should, after his death, have in lieu of dower the sum of $5,000, to be paid to her out of his estate, after the payment of his debts and funeral expenses, and in consideration of the payment of said sum, appellee agreed to relinquish and waive all her dower rights in the estate of said Barton, which might accrue to her, under the laws of Illinois, by reason of said marriage. On the day following the execution of said contract, the parties were married, and continued to live together as husband and wife, until shortly prior to the filing by appellee, at the January term, 1904, of the Circuit Court of Vermilion county, of her bill for divorce from said Barton. As grounds for divorce the bill alleged adultery, habitual drunkenness and extreme and re-

peated cruelty, and prayed that the marriage be dissolved and that said Barton be required to pay her such sum of money as might be deemed necessary and proper for her support and to enable her to prosecute her suit, and for her support during the pendency thereof, and that she might have such other and further relief as equity might require, etc. Upon a trial by jury of the issues joined in said suit for divorce, Barton was found guilty of adultery and of extreme and repeated cruelty as alleged in the bill. Upon the motion for a new trial the court set aside the verdict as to the charge of adultery and permitted it to stand as to the charge of cruelty, and entered a decree dissolving the marriage, and concluding as follows:

"And as to the allowance of alimony to be paid by the defendant to the complainant, it is ordered, adjudged and decreed by the court that the defendant pay to the complainant the sum of $2,000, and to complainant's solicitors, * * * the sum of $125, as a reasonable fee for their services herein; upon the execution and delivery to him of a quit-claim deed, releasing all her interest in the real estate of the defendant; and the defendant pay the costs of this proceeding, to be taxed by the clerk of this court, each and all of said sums to be paid within twenty days from the rendition of this decree, and in default of the payment of any of said sums of money, in the manner and at the times herein provided, that execution issue therefor; that this decree shall be and remain a lien upon all the lands and tenements of the defendant until each and all of said sums are fully paid.

"It is further ordered that the payment of said sum of $2,000 by defendant to complainant, shall also be considered as in lieu of and in full satisfaction of complainant's contingent right to dower and all other rights to the lands and tenements of the defendant now owned by him, and by him hereafter acquired.

"It is further ordered that complainant be allowed to resume her maiden name of Josephine Long."

Barton in his lifetime paid to appellee and she received the sum of $2,000 in pursuance of the terms of

the decree, and, thereafter, he died testate. After his death appellee filed her claim in the County Court against his estate for the sum of $5,000, alleged to be due her by the terms of the ante-nuptial contract, and the same was there allowed. Appellants prosecuted an appeal to the Circuit Court, where, upon a hearing, said claim was again allowed, and this appeal followed.

The marriage of the parties constituted a sufficient consideration for the ante-nuptial contract: Colbert v. Rings, 231 Ill. 404. The provision therein made for appellee was a substitute or equivalent for her contingent right of dower in the estate of which Philip H. Barton might die seized, and it necessarily follows that if she lost that right of dower the substitute or equivalent therefor would in like manner also become lost to her. Jordan v. Clark, 81 Ill. 465.

If Barton had procured a divorce from appellee because of her fault or misconduct, it is conceded that she would be barred from asserting a claim under the contract here involved. Clarke v. Lott, 11 Ill. 105; Jordan v. Clark, *supra*. The mere execution by appellee of the ante-nuptial contract did not operate to bar her contingent right of dower, and the contract did not constitute an unqualified liability on the part of Barton's representatives to pay to appellee the sum of $5,000. Considering the contract alone, the waiver by appellee of her right of dower was merely contingent and only became consummate upon the payment to her of the sum of money named therein. Until that sum was paid she had all the rights as a doweress to which she would have been entitled if no contract had existed.

It is not denied by appellee but that a court of equity may, in a proceeding for divorce, decree to a complainant wife, as alimony, a sum in gross, and provide that the sum shall be received by her in lieu of her right of dower in the estate of her husband, but it is insisted that the decree of divorce introduced in evidence in the case at bar by appellants, insofar as it provided that

the payment of $2,000 by Barton to appellee should be considered as in lieu of and in full satisfaction of appellee's contingent right of dower and all other rights in the lands and tenements then owned or thereafter acquired by Barton, was not responsive to the prayer of the bill, and should be ignored or treated as surplusage.

It is manifest that the provision in the decree barring appellee's right of dower in the estate of Barton, upon the payment by him to her of the sum of $2,000, was not inserted by accident or through mere inadvertence, but by design. The decree not only contains the provision above substantially quoted, but it also provides that appellee shall execute and deliver to Barton a quit claim deed releasing to him all her interest in his real estate. Furthermore, the decree of divorce cannot be questioned in this collateral proceeding. Marvin v. Collins, 48 Ill. 156.

The provision in question in the decree of divorce put appellee upon her election to take the sum named therein in lieu of dower as therein provided, or to await the death of Barton and assert her claim against his estate for the amount named in the ante-nuptial contract in lieu of the same right. By accepting the sum of $2,000 paid to her by Barton under the terms of the decree, appellee must be held to have elected to accellerate the time when she should realize on her agreement to accept $5,000 in lieu of dower and that she would then accept the sum of $2,000 in full compensation therefor instead of awaiting the time fixed in the ante-nuptial contract. She may have been prompted to so elect upon a consideration of the possibility that she might die before Barton, or that he might die leaving insufficient property to pay her claim under the contract, in either of which events her right to recover thereunder would be lost.

The judgment of the Circuit Court will be reversed but the cause will not be remanded.

*Reversed.*