MARY JORDAN

*v.*

HENRY P. CLARK *et al.*

81   465
52a  308
81   465
163  233

1. ANTE-NUPTIAL CONTRACT—*construction.* Where, by the terms of an ante-nuptial contract, the intended wife, in case the marriage is consummated, and she survives her husband, is to receive a certain sum of money out of his personal estate, in lieu of dower, distributive share and allowances of all kinds out of his estate, such provision is a substitute or equivalent for dower, which can only be claimed by her in case she becomes his widow.

2. SAME—*when rights under, barred by divorce.* Where, by the terms of an ante-nuptial contract, a certain sum is provided for the wife, to be paid out of the personal estate of the husband, as a substitute or equivalent for dower, in case she survives him, a divorce granted to the husband for the fault or misconduct of the wife, will bar any claim against his estate under such contract.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

Messrs. JOHN M. & JOHN MAYO PALMER, for the appellant.

Messrs. JOHN E. ROSETTE & BRO., for the appellees.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The decision of this case involves the construction of the ante-nuptial contract between appellant, Mary Jordan, and Edward Clark, since deceased, by which it was agreed, in case the marriage was subsequently consummated, and in the event she should survive him, she would receive, out of his personal estate, the sum of $2000, in lieu of all dower, distributive share and allowances of all kinds out of his estate, and, in consideration of such settlement, she relinquished all right of dower, all distributive share of his estate, and bound herself never to set up any claim thereto.

Shortly after the making of the contract, the parties were married, and lived together as man and wife for a period of

30—81ST ILL.

about two years, when she left her husband without any just cause, and never returned to live with him. Afterwards, Clark filed a bill, and obtained a divorce from her on the ground of desertion. By his bill, Clark asked that the marriage contract might be annulled, and although the court granted a divorce as to the other relief sought, the decree provided that all questions as to marriage settlements and alimony be reserved for the further order of the court. No other order was ever made, but the cause was stricken from the docket with leave to reinstate.

After the death of Clark, appellant filed a claim against his estate, in the county court, for the sum of $2000, being the amount named in the ante-nuptial contract. It was disallowed in that court, and, on appeal to the circuit court, it was again disallowed, and the claimant brings the case to this court.

Under the statute in force when the contract between the parties was entered into, a jointure created for the benefit of the wife, with her assent, and to be taken in lieu of dower, would constitute a bar to any right of claim to dower of such wife in the lands of her husband, but it was also provided, if a divorce should be granted on account of the fault or misconduct of the wife, it would forfeit the benefit of such jointure. Dower Act 1845, §§ 7, 12.

The provision made for the wife in this case, in lieu of dower, does not come within the statutory definition of jointure. It is, nevertheless, in the nature of a jointure, and would, no doubt, bar her dower in her husband's estate, had she been his widow at the time of his death. Any provision, it is said, however precarious, whether secured out of realty or personalty, which an adult, previous to her marriage, accepts in lieu of dower, will be a good jointure in equity. 3 Bacon's Abr. p. 230, "Jointures."

Had the provision made for the wife in this case been a statutory jointure, it would have been destroyed by the divorce granted for the fault or misconduct of the wife; but it would be more accurate to treat the provision made for her as a substitute or equivalent for dower. This would seem to be the

true construction of the contract. Like dower, it could only be enjoyed by a widow. Under our statute, dower is lost by divorce granted for the fault or misconduct of the wife, and, by a parity of reasoning, it would seem that which is the substitute or equivalent of dower would, in like manner, be lost.

The argument is, the divorce operates only upon those rights and obligations created by law, and given to or cast upon the parties by law, in consequence of the assumption of the relation of husband and wife, and hence has no effect whatever upon the rights and obligations created by or dependent upon the contract of the parties. The difficulty is not so much in the logic of the argument as in the want of application to this case. The error consists in the assumption, the husband, by the contract, took upon himself the relation and obligation of a debtor to his intended wife. The contract will not admit of this construction.

As we have seen, the provision made for the wife was, in fact, a substitute or an equivalent, accepted by her in lieu of dower, and no reason is perceived why it would not be as effectually lost by divorce for the misconduct of the wife as dower itself. The money was not given in consideration she would marry him, but was to be paid to his widow on his death, when the right of dower would attach, if no legal contract had been made, the effect of which would be to bar it. Having been divorced before the death of her husband, she never became his widow, and the divorce having been granted on account of her own misconduct, it follows she would be entitled neither to dower nor the provision made in lieu of it, by her assent.

In no possible view could claimant enforce the contract in her favor, except as the widow of Edward Clark. She never became his widow. Her own misconduct was the cause of the dissolution of the marriage relation, and, therefore, upon the death of her husband she acquired no rights under the contract that she could enforce against his estate. The case of *Clark* v. *Lott*, 11 Ill. 105, in principle is analogous with the case at bar, and its reasoning has its just application here. Ceasing

to be the wife of Clark, she could not become his widow, and the contingency upon which her right to the money secured by the contract depended never happened, hence no right of action existed in her favor.

The judgment must be affirmed.

*Judgment affirmed.*