# Thomas Kent, Administrator of Patrick McCann, Deceased, v. Delia McCann.

1. DIVORCE—*A Vinculo Matrimonii—Dower.*—The divorce, *a vinculo matrimonii,* is the only one authorized by the statute of Illinois. Such a divorce terminated at the common law the right of the wife to dower, because it was essential to dower that the marriage should subsist at the death of the husband.

2. DOWER—*Rights of a Divorced Wife.*—The rule of the common law has been modified in our State by the enactment of Sec. 14, Chap. 41, R. S., entitled "Dower," providing that if any husband or wife is divorced for the fault or misconduct of the other, except where the marriage is void from the beginning, he or she shall not thereby lose dower; but if such divorce shall be for his or her fault or misconduct, such dower or joinder, and any estate granted by the laws of this State in the real or personal estate of the other, shall be forfeited. The effect of this enactment is to preserve to the wife her right to dower in lands then owned by the husband in case she is granted a divorce for the fault of the husband.

3. DIVORCE—*Effect of, Upon the Parties.*—After a decree of divorce, the husband has no wife, and the wife has no husband, nor can the survivor be regarded as the widow or widower of the other.

4. DIVORCE—*Statute Preserves the Wife's Right in the Realty Only.* —Dower does not attach to personal property; it is confined in its operation to real estate or that which savors of realty. This being true, the effect of the statute of divorce is only to preserve to the wife, in case of divorce for the fault of the husband, an interest in real estate which, but for the statute, would have been destroyed by the divorce.

5. HUSBAND AND WIFE—*Rights of a Divorced Wife in Personal Property.*—A divorced wife does not become the widow upon the death of her divorced husband, and therefore does not become entitled to the rights which the statutes give to a widow. After the divorce, she has no interest in his personal property as his wife, because she is not his wife. To all legal intents as to such property they are as strangers. Each one is free to lawfully contract new marriage relations and become husband or wife to other parties. The statute preserves to the divorced wife her dower in such lands as her husband was seized of during coverture; but aside from this, all other interest in his property terminates with and is destroyed by the divorce, together with the relation of husband and wife.

Memorandum.—Bill by divorced wife for dower in her divorced husband's estate. Appeal from the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this

court at the May term, 1893, and reversed. Opinion filed November 4, 1893.

The opinion states the case.

Wolfe & Savage, attorneys for appellant.

·J. L. Ray & Boggs, attorneys for appellee.

Mr. Presiding Justice Boggs delivered the opinion of the Court.

Delia McCann, the appellee, and Patrick McCann, intermarried February 15, 1871.

They were divorced by a decree of the Circuit Court of Champaign County, Illinois, March 15, 1882, on the petition of the wife, for the fault and wrong of the husband, the specific ground being that he had been guilty of acts of extreme and repeated cruelty to the wife. Neither of the parties afterward remarried. Patrick McCann died November 16, 1890, testate. His will disposed of his property, real and personal, without reference to the appellee. The appellant, Thomas Kent, was appointed administrator with the will annexed, of the estate. This was a bill in chancery filed by Delia McCann against the heirs, devisees and legatees of the testator and also against the appellant as administrator.

The prayer of the bill is that dower be assigned the appellee in the lands of which the deceased died seized, and for a decree awarding her one-third of the personal estate after the payment of debts and costs of administration. The Circuit Court awarded the relief prayed for and by this appeal the administrator questions the correctness of so much of the decree as directs the payment to the appellee of one-third of the personalty.

The decree of divorce was *a vinculo matrimonii*. No other divorce is authorized by our statute. Clark v. Lott, 11 Ill. 105. At the common law a decree *a vinculo matrimonii* absolutely dissolved all marriage ties and destroyed the relation of husband and wife. (5th Amer. & Eng. Ency. of Law, page 839.)

Such a divorce terminated at the common law the right

of the wife to dower, because it was essential to dower that the marriage should subsist at the death of the husband. Scribner on Dower, Vol. 2, Chap. 19, Secs. 1, 2 and 13; Cord, Rights of Married Women, Vol. 1, Sec. 488 h.

This rule of the common law has, however, been modified in our State by the enactment of Sec. 14, Chap. 41, R. S., entitled Dower, which is as follows:

" If any husband or wife is divorced for the fault or misconduct of the other, except where the marriage was void from the beginning, he or she shall not thereby lose dower, nor the benefit of any jointure; but if such divorce shall be for his or her fault or misconduct, such dower or jointure, and any estate granted by the laws of this State in the real and personal estate of the other, shall be forfeited." The effect of this enactment is to preserve to the wife her right to dower in case she is granted a divorce from the husband for his fault.

The appellee was divorced for the fault of her husband and is entitled to the benefit of the change effected by the statute, which is that she did not by the divorce lose her right to dower.

" The case " counsel for appellee aptly say, " presents the simple question, what is dower ? "

Their answer to this question, to quote again from their brief, is :

" We claim that dower in this State is finally and conclusively settled by our Supreme Court, to mean the use of one-third of the real estate of her deceased husband during life, and one-third of his personal property, absolutely, after payments of debts. And that this all goes to her under and by virtue of her right of dower in her husband's estate.

" And we also claim that, she having obtained a divorce from him for his fault, her rights remain just the same in his estate as if they lived together as husband and wife up to the day of his death."

We have never understood that dower attached to personal property, but that it was confined in its operation to real estate or that which savors of realty.

As to this all authorities are, we think, concurrent. Scribner on Dower, Chap. 10, Secs. 1, 2 and 3; 5th Amer. & Eng. Ency. of Law, pp. 884–885–890 and 891; Davenport v. Farnham, 1 Scam. 314; Cameron on Law of Dower, 67; 1 Washburne on Real Estate, 149.

This being true, the only effect of the statute in question was to preserve to the wife, in case of divorce for the fault of the husband, an interest in real estate which but for the statute would have been destroyed by the divorce.

Counsel for appellee, however, insist that the law in Illinois is that " whatever a surviving wife takes of the estate of the husband, she takes as dower, and not as heir or next of kin."

It is not necessary that we discuss that proposition for the reason that the appellee was not the surviving wife of Patrick McCann, the deceased. After the decree of divorce Patrick McCann had no wife, and the appellee had no husband, nor could the survivor be regarded as the widow or widower of the other. Jordan v. Clark, 81 Ill. 465; Bishop on Marriage and Divorce, Vol. 2, Sec. 1628 and 1629; 5 Amer. and Eng. Ency. of Law, 839, and cases cited, note 1, page 840. She never became his widow, and therefore did not become entitled to rights which the statutes give to a widow. Bishop on Marriage and Divorce, *supra*, and many cited in note 1 to Sec. 1628.

After the divorce she had no interest in his personal property as his wife, because she was not his wife, but they to all legal intents, as to such property, were as strangers; each being free to lawfully contract new marriage relations and become husband or wife to other parties. The statute preserved to her dower in such lands as he was seized of during coverture with her, but aside from this all other interest in his property terminated with and was destroyed by the divorce, together with the relation of husband and wife.

Counsel direct our attention to the case of In re Taylor's Will, 55 Ill. 252, which they insist holds that all interest taken by a wife in the husband's estate, whether in the

realty or personalty, is called dower and taken as dower. It ought to be sufficient to say that we are not considering in this case what interest is allowed to a wife out of her husband's estate. The deceased, Patrick McCann, left no wife. The appellee had no husband, and therefore no interest in the estate of a husband. The opening sentence of the opinion of the Supreme Court in the Taylor will case, *supra*, is as follows :

" The only question presented on this record is, under the will of William Taylor, deceased, is his widow entitled to one-third of the personal estate after the payment of debts and costs of administration." Manifestly the widow was so entitled. The court so held, but they did not hold that she took it as dower, but by virtue of the statutes of our State enacted for the purpose of providing, to quote the language of the opinion, " some support for a wife in the event of her surviving her husband," of which the court held the husband could not deprive the wife by other provisions made for her in a will unless the wife be willing to accept such provisions. That the court recognize a distinction between the right of the wife thus secured to her by the statutes and the interest she took by way of dower could not be made more apparent by a labored examination and discussion of the opinion than it is by the following extract from it, viz.:

" It can not be maintained, in view of the statutes, that a person, by making a will in which there shall be no provision for his wife, can thereby deprive her of dower in his land; that will not be pretended. Her *share in the personalty* rests on as solid a basis as the dower, and if he can not deprive her of *one* by the mere act of making a will, neither can he deprive her of the *other*."

We are clearly of the opinion that with the dissolution of the marriage tie appellee lost all interest in the property then owned by him who had been her husband, and in all property he might thereafter acquire, except that by force of the statute she retained a dower interest in such lands as belonged to him during the existence of the marriage.

Not being the widow of the deceased she was not entitled to a decree against the appellant, Kent, as his administrator, for the share in the personal estate of the deceased, which the law vested only in his widow.

The decree must be, and as to the appellant, Kent, administrator, is, reversed.