(No. 25265.—

IDA JOHNSON OPDAHL, Appellant, vs. MAMIE JONES
JOHNSON et al. Appellees.

*Opinion filed October 13, 1939.*

AIKEN, McCURRY & BENNETT, (CHARLES R. AIKEN,
of counsel,) for appellant.

JOHN J. SHERLOCK, (C. B. CHAPMAN, of counsel,) for
appellees.

Mr. JUSTICE FARTHING delivered the opinion of the
court:

Ida Johnson Opdahl was married to John William John-
son in 1890. In 1896, she obtained a divorce from him on
the grounds of cruelty, drunkenness and adultery. The de-
cree made no provision for alimony or maintenance of their
two sons, but awarded her their custody. Both parties
afterwards remarried. Johnson died testate in 1938. He
made small bequests to his two sons, and left the residue
of his estate to his second wife. His will was proved and
admitted to record, and Mamie Johnson, the second wife,
was appointed executrix. Mrs. Opdahl then instituted this
suit against the executrix. Her complaint consists of two
counts; the first asks for an assignment of dower in the

estate of her divorced husband, and the second seeks recovery of moneys spent by her for the support and maintenance of their two children. Defendant's motion to dismiss was granted and plaintiff stood by her complaint and appealed.

The principal questions here involved are (1) whether the Dower act in effect at the time of the divorce or that in effect at Johnson's death, is applicable, (2) whether plaintiff is barred by *laches* from recovery of money spent by her for support of their children. The Dower act of 1874 which was in effect at the time the divorce was obtained gave the surviving wife a life estate in a "third part of all the lands whereof the deceased husband * * * was seized of an estate of inheritance at any time during the marriage." (Rev. Stat. 1874, chap. 41, sec. 1.) There was no provision for dower in personal property. The amendment adopted in 1927 (Ill. Rev. Stat. 1937, chap. 41, sec. 1) was in effect at Johnson's death and gave a dower right in personalty. The parties admit that both acts give a dower right only in real estate held by the husband during coverture, and that there is no allegation in the complaint that Johnson held any real property before the divorce. Their controversy pertains exclusively to plaintiff's rights in the personalty and her right to recover under the second count of her complaint. These facts do not give us jurisdiction to determine this cause. The pleadings do not put title to a freehold in issue, nor does one party stand to gain and the other lose a freehold as a result of the decree. (*Lederer* v. *Rosenston*, 329 Ill. 89.) Though the parties have not raised the question, we cannot assume jurisdiction. Jurisdiction cannot be conferred by consent. *Keplinger* v. *Lord*, 357 Ill. 571.

This appeal is transferred to the Appellate Court for the First District.

*Cause transferred.*