Ida Johnson Opdahl, Appellant, v. Mamie Jones Johnson et al., Appellees.

Gen. No. 41,073.

Opinion filed June 24, 1940.

AIKEN, McCURRY & BENNETT, of Chicago, for appellant; CHARLES R. AIKEN, of counsel.

JOHN J. SHERLOCK, of Chicago, for appellee Mamie Jones Johnson; C. B. CHAPMAN, of Ottawa, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

The appeal in this case was first taken to the Supreme Court of this State, which transferred it to this court on the ground no freehold was involved (372 Ill. 180).

The facts and questions presented for determination are succinctly stated in the Supreme Court opinion. Plaintiff, Ida Johnson Opdahl, was married to John William Johnson in 1890; in 1896, she obtained a divorce from him because of his wrongdoing; the decree made no provision for alimony or maintenance of their two infant sons but awarded her their custody; both parties afterward remarried. Johnson died testate in 1938; he made small bequests to his two sons, leaving the residue of his estate to his second wife, Mamie Jones Johnson; the will was admitted to probate and the second wife appointed as executrix; plaintiff then instituted the present suit against the executrix.

Her complaint consisted of two counts, the first asking for the assignment of dower in the estate of her divorced husband and the second seeking recovery of moneys spent by her in the support and maintenance of their two children. On defendant's motion her complaint was dismissed and plaintiff has appealed.

As the Supreme Court opinion states, two principal questions are involved: (1) whether the Dower Act in effect at the time of the divorce or that in effect at Johnson's death is applicable; (2) whether plaintiff is barred by laches from the recovery of money spent by her for the support of her two sons.

The opinion notes that the Dower Act of 1874, which was in effect at the time the divorce was obtained, gave the surviving wife a life estate in a third part of the lands whereof the deceased husband was seized during the marriage but not in personalty (Rev. Stat. 1874,

ch. 41, sec. 1). The amendment adopted in 1927, which was in effect when Johnson died, gave a dower right in personalty. As there was no allegation in the complaint that Johnson held any real property before the divorce it was held that the controversy pertained exclusively to plaintiff's rights in the personalty held by Johnson at the time of his death and her right to recover under the second count of her complaint.

Plaintiff contends that whatever rights were granted to her under the Dower Act were preserved to her by section 14 of the Dower Act [Jones Ill. Stats. Ann. 41.14] which provides, "If any husband or wife is divorced for the fault or misconduct of the other, . . . he or she shall not thereby lose dower. . . ." That upon her divorced husband's death she stood in the position of his widow in so far as her dower is concerned. Defendant replies that the Dower Act at the time of the divorce gave no interest in personalty and the legislature could not change her dower right after the divorce so as to extend it to a share of the personal estate.

Counsel for plaintiff says the precise point has not been presented to the courts of this State for determination, although in some jurisdictions statutes have been enacted which entitle the wife, after the granting of divorce for the husband's fault, to receive her dower at once. 17 Am. Jur. (Dower) sec. 83, p. 739. We have no such statute in Illinois.

The argument seems to be that as a wife's right to dower remains inchoate until the husband's death, and that as it is a mere expectancy of property in the future, the legislature may enlarge or diminish dower while it remains inchoate, citing *Schoellkopf v. DeVry*, 366 Ill. 39, and *Steinhagen v. Trull*, 320 Ill. 382. The sole issue presented in the first of these cases was whether an alien widow of a deceased citizen of the United States and of Illinois was entitled to dower in real estate located in Illinois. The second case involved the validity of an

amendment affecting the manner of the assertion of dower or the method in which it may be waived. In neither of these cases was the existence of the dower itself involved. The decisions in these cases are not applicable to the present situation, in which there was no dower in personal property at the time of the divorce.

' Defendant presents as her answer, sec. 1 of ch. 41 of the Dower Act [Jones Ill. Stats. Ann. 41.01 *et seq.*], which provides that the "surviving husband or wife shall be endowed" etc. Was plaintiff the "surviving wife" of the deceased Johnson within the meaning of the act? The decision in *Kent v. McCann*, 52 Ill. App. 305, is in point. There Delia McCann was divorced from Patrick McCann for his fault and wrong; he subsequently died leaving a will disposing of his property, real and personal, without reference to his former wife; she filed a bill asking that dower be assigned to her in the lands of which the deceased died seized and also that she be awarded one-third of the personal estate. The court noted that dower attached only to real estate and to the argument that the law was that "whatever a surviving wife takes of the estate of the husband, she takes as dower," it was held that Delia McCann was not the surviving wife of Patrick McCann and she could not be regarded as his widow, citing *Jordan v. Clark*, 81 Ill. 465; Bishop on Marriage and Divorce, vol. 2, secs. 1628–1629; 5 Amer. and Eng. Ency. of Law, 839 and cases cited, note 1, p. 840. It was held that while the statute preserved to her dower in such lands as he was seized of during coverture, "all other interest in his property terminated with and was destroyed by the divorce, together with the relation of husband and wife." In the case of *Jordan v. Clark*, 81 Ill. 465, the question arose as to the effect of a divorce where the man had died. It was held that the divorced wife "never became his widow. . . . Ceasing to be the wife of Clark, she could not become his widow. . . ."

We hold that since the statute in force at the time of the divorce gave the surviving widow no interest in personal property, the trial court correctly held that she takes no interest in the personal property owned by the deceased at the time of his death, as the Dower Act then in force gave a dower interest to a "surviving wife" only, and plaintiff was not a surviving wife.

The second count of the complaint alleges that at the time of the divorce proceedings John William Johnson, then plaintiff's husband, persuaded her to permit his company's lawyer to represent her in the divorce proceedings upon the representation that Johnson would pay her $5 per week for the support of each of the minor children; that as a result of this conspiracy between Johnson and his company's lawyer the agreement to pay for the support of the children was not incorporated in the decree; that this fact was not ascertained by plaintiff until after she learned of her husband's death; that thereafter Johnson disappeared and plaintiff never saw or heard from him again; that afterwards she learned he was living in Milwaukee, Wisconsin, under an assumed name; that she called on the lawyer who had represented her and was informed that Johnson could not be found; that she later read in a newspaper of his death in River Forest, Cook county, Illinois.

The decree of divorce was entered 42 years before the present complaint was filed. The youngest of the two children became of age in 1913, almost 25 years before the complaint was filed. There is no allegation that any payments for the childrens' support was made or any demand made for such payments. She does not state in her complaint how many years ago she called on her attorney. She knew that her former husband was one of the owners of the J. W. Johnson Company but so far as shown by her pleadings she never inquired of this company or ever went there to find him. There is no allegation that she had endeavored to locate

him within the last 25 years, although she knew his place of business. Assuming the agreement was as stated by her, it could not be performed within one year as the youngest child would not be of age for more than a dozen years thereafter. It was an oral contract, not to be performed within one year, and sec. 1 of chapter 59 of the statutes of Illinois [Jones Ill. Stats. Ann. 55.01] provides that no action shall be be brought to charge any person upon any agreement that is not to be performed for the space of one year from the making thereof, unless the agreement shall be in writing and signed. *Taylor v. Scott, Foresman & Co.,* 178 Ill. App. 487.

Defendant further says plaintiff's action is barred by laches as it appears by the pleadings that the cause of action had accrued more than 25 years before the suit was commenced. The point seems to be well taken. During all of this time plaintiff must have known of her rights. She knew the business in which her former husband was engaged, she knew where it was located and did not go there to see him or to make any demands. There was clearly a negligent omission on her part to assert her rights, if any. *Wilcoxon v. Wilcoxon,* 230 Ill. 93. In *Forster v. Brown Hoisting Machinery Co.,* 266 Ill. 287, 12 years was held to bar the claim of the plaintiff, and in *Carpenter v. Carpenter,* 70 Ill. 457, 18 years without action was held to be laches.

Moreover, her suit is barred by the five-year statute of limitations (sec. 15, ch. 83, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.275]). The cause of action occurred certainly not later than 1913, the date the youngest son became of age. The complaint was filed November 14, 1938.

For the above reasons we hold that the order of the trial court dismissing plaintiff's complaint was proper, and it is affirmed.

*Order affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.