In re Estate of Lottie A. Wynn, Deceased.
Samuel Rubin, Appellant, v. L. Grover Wynn et al., Trading as Sheldon and Brown, and Lila M. Stevens, Administratrix of Estate of Lottie A. Wynn, Deceased, Appellees.

Gen. No. 9,672.

Heard in this court at the May term, 1941. Opinion filed July 9, 1941.

Jacob. Cantlin, of Rock Falls, for appellant.

Samuel Rubin, of Rock Falls, *pro se.*

Sheldon & Brown, of Sterling, for appellees.

Mr. Presiding Justice Wolfe delivered the opinion of the court.

Lottie A. Wynn, a resident of Sterling, Whiteside county, Illinois, died intestate in the city of St. Paul, Minnesota, on November 13, 1939, leaving as her only son and heir-at-law, L. Grover Wynn, a resident of St. Paul, Minnesota. On June 3, 1940, L. Grover Wynn filed a petition in the county court of Whiteside county,

in which he prayed that Lila M. Stevens, a resident of the city of Sterling, Whiteside county, Illinois, be appointed administratrix of the estate of his mother. The petition stated that the name and post office address of the only heir of Lottie A. Wynn, deceased, is L. Grover Wynn, an adult son who resides at St. Paul, Minnesota. On June 3, 1940, letters of administration were issued to Lila M. Stevens on said petition. On July 1, 1940, the claims of Sheldon & Brown and L. K. Wynn against said estate were filed. Both claims were allowed the same date that they were filed.

On July 1, 1940, L. K. Wynn and Sheldon & Brown, as creditors of the estate of Lottie A. Wynn, deceased, filed a petition in said court asking that the letters of administration granted to Lila M. Stevens on June 3, 1940, be ratified and approved. On the same day the county court ordered that the granting and issuing of letters of administration to Lila M. Stevens be ratified and approved. On the same date L. K. Wynn filed a petition wherein he prayed that letters of administration heretofore issued to Lila M. Stevens, be ratified and approved, or that new letters of administration be issued to her. The petition stated that L. K. Wynn was a brother-in-law of Lottie A. Wynn, deceased; a resident of the State of Illinois; a creditor of the decedent, and was legally qualified to petition for letters of administration.

On the same date Sheldon & Brown filed a petition praying that letters of administration heretofore issued to Lila M. Stevens, be ratified and approved, or new letters of administration be issued to Lila M. Stevens. There was an order entered July 1, 1940, on the petition of L. K. Wynn and Sheldon & Brown, creditors, which finds that said parties are creditors and are residents of Whiteside county, and that the prayer of their petitions should be granted, and ordering that the prayer of their petitions be granted, and further ordering that the letters of administration

issued June 3, 1940, to Lila M. Stevens be and the same are hereby approved and confirmed.

On July 10, 1940, Samuel Rubin, the public administrator of Whiteside county, filed a petition in said court wherein he prayed that letters of administration be issued to him as such public administrator. The petition stated that Lottie A. Wynn, at the time of her death, was a resident of the city of Sterling, Illinois; that she died on the 13th day of November 1939, and left no will. The petition also stated that she left $7,000 personal property and real estate valued at $22,400; that the only heir of the deceased is L. Grover Wynn, an adult son residing in St. Paul, Minnesota. The petition further stated that Rubin is now and has, for more than one year last past, been public administrator of Whiteside county, Illinois, and is also qualified to petition for letters of administration which he prays be issued to him as public administrator.

A hearing on the petition was set for July 23, 1940, and Lila M. Stevens, administratrix of the estate of Lottie A. Wynn, deceased, was notified of said hearing. On August 5, 1940, the county court entered an order that the petition of Samuel Rubin, as public administrator for the appointment as administrator of the estate of Lottie A. Wynn, deceased, be allowed. The appointment of Lila M. Stevens on June 3, 1940, was revoked, and the order entered July 1, 1940, on a petition of the creditors was vacated and set aside. An appeal was taken to the circuit court of Whiteside county, where the court denied the petition of Samuel Rubin, as public administrator of Whiteside county, to be appointed administrator of the estate of Lottie A. Wynn, deceased. The order of the county court entered August 6, 1940, was found to be of no effect and void. The letters of administration to Lila M. Stevens, were found to be valid and in full force and effect from the date of their issuance, June 3, 1940.

It is from this order that the appeal is prosecuted to this court.

In the circuit court it was stipulated that Lottie A. Wynn died on the 13th day of November 1939, and that up to November 1, 1940, no instrument purporting to be her last will and testament had been found, or offered for probate; that said Lottie A. Wynn left surviving her, no husband, but left surviving her one child, a son named L. Grover Wynn; that said son is a nonresident of the State of Illinois; that said Lottie A. Wynn had no next of kin residing in the State of Illinois, and that she left no heirs other than her son, L. Grover Wynn.

It is seriously insisted by the appellant that the probate act which was effective on January 1, 1940, governs the proceeding in this case, and that under the new act, the public administrator has the preference over the creditors to administer the estate. It is contended by the appellee that as Mrs. Wynn died on November 13, 1939, the old law of administering the estates of deceased persons applied, and that creditors were preferred before the public administrator. Under the statute as existed prior to January 1, 1940, the law is well settled that in the administration of estates, creditors of the intestate should be preferred to the public administrator. In *Dupee v. Follett,* 304 Ill. 166, we find the following: ''It was the clear intent of the legislature that relatives and creditors of the estate should be preferred to the public administrator as evidenced not only by the plain language of section 18, but also of sections 19, 46 and 48.'' Section 346 of the Probate Act, section 501 chapter 3, Smith-Hurd's Revised Statutes provides as follows: ''The provisions for repeal contained in this Act shall not in any way: (1) affect an offense committed, an act done, a penalty, punishment, or forfeiture incurred, or a claim, right, power, or remedy accrued under

any law in force prior to the effective date of this Act.''

The additional abstract filed by the appellee contains the decision of the trial court. We take the liberty of quoting parts of what the learned trial judge said in rendering his opinion. ''The new act contains a saving clause appearing as Section 501 of Chapter 3. The section in question follows the section which specifically repeals prior legislation. The saving clause provides that such repeal shall not in any way affect . . . a claim, right, power or remedy accrued under . . . the old act. The word ''remedy'' is always interpreted to refer to methods of procedure as distinguished from substantive rights. The term ''remedy'' is taken to cover forms of action, methods of procedure, rules of evidence, and all other details of practice and procedure as distinguished from rules pertaining to substantive rights. It is apparent that the word ''remedy'' has a definite legal meaning. It is customarily used in law to designate rules of procedure, parties, practice, forms of action, methods of review, etc., as distinguished from the law of rights. It follows that the word must be given this meaning in construing the Statute in the absence of any showing of any absurd result, or other reason for departing from general rules of construction. Upon these principles it is evident that the act in question must be construed to retain existing remedies as well as existent substantive rights in the estate of a person who died before January 1, 1940. A different construction would require that the Court ignore or reject the word ''remedy'' in construing the saving clause. No sound reason for ignoring or rejecting this provision of. the statute has been suggested.'' We think the theory on which the court decided the case was a proper one.

There is another reason why we think the court properly decided that the public administrator was

not entitled to administer the estate of Lottie A. Wynn, deceased. Under the law prior to the adoption of the new probate act, a creditor had a right to administer the estate in preference to the public administrator, and if a creditor petitioned the court to be appointed before the public administrator had so petitioned, it was mandatory upon the court to appoint such creditor. The language of the statute is that the administration of the estate of all persons dying intestate "shall" be granted to some one or more of the persons hereinafter mentioned, and they are respectively entitled to preference in the following order, then follows the order of preference. In the case of *O'Rear v. Crum,* 135 Ill. 294, at page 299, a husband and wife had entered into a post nuptial contract whereby he released and relinquished all his right in and to his wife's estate. After the death of the wife, the husband petitioned for letters of administration to settle the estate. Her brother also petitioned for letters of administration claiming that the husband had released his interest in and to his wife's estate, therefore he, the brother, had a right to administer the same. In the opinion we find the following: "But the statute of this State says, that administration *shall* be granted to the husband upon the goods and chattels of his wife. We regard this statute as mandatory, unless the husband has waived his right, or is disqualified. Where the word 'shall' is used in a statute, and a right or benefit to any one depends upon giving it an imperative construction, then that word is to be regarded as peremptory. (*Fowler v. Pirkins,* 77 Ill. 271; *Wheeler v. City of Chicago,* 24 id. 105.) Here, the right of appellee to administer upon this estate, and the benefits he will derive in the way of compensation for his services in administering upon a personal estate worth $30,000, are dependent upon giving the word 'shall' an imperative signification. In *Jones v. Bittinger,* 110 Ind. 476, the words of the statute were:

'At any time after the death of an intestate the proper clerk or court shall grant letters of administration in their order: First, to the widow or widower; second, to the next of kin,' etc.; and it was held, that the provisions of the statute were mandatory, and ought to be strictly observed.'' To the same effect is *Clark v. Patterson,* 214 Ill. 533.

In the case of *Smart v. Morrison,* 15 Ill. App. 226, the court was discussing a change in the statute of limitations in which there was a saving clause preserving any rights or liabilities etc., which may have accrued under the old law. The court says, ''A right is a well founded claim.'' The Century Dictionary and Encyclopedia define a right as a power or privilege whereby one may be doing, receiving or enjoying something. Webster's Unabridged Dictionary defines it, ''That to which one has a just claim: a power or privilege to which one is entitled upon principles of morality, religion, law or the like.'' The saving clause in this statute expressly provides that it shall not affect any right that may have existed in any one prior to the passage of this act. That the right to administer the estate in question is a valuable one must be conceded, as the estate is of considerable value, and is evidenced by the fact that each side is so vigorously prosecuting their claim to the right to administer the estate. The legislature must have had such cases in mind at the time they passed the law with this saving clause preserving the rights and remedies existing to parties at the time the law was to become effective.

It is our conclusion that the trial court properly held that the public administrator was not entitled to administer the estate in question. The order appealed from is hereby affirmed.

*Affirmed.*