In the Matter of the Estate of Martha S. Benson, Deceased.

Mary Jane Benson Mahon, Petitioner-Appellee, v. Raymond Harkrider, Successor Executor of Will of Martha S. Benson, Deceased, Respondent-Appellant, and Sue Benson, Executor of Will of Justus A. Benson, Deceased, Respondent-Appellant.

Gen. No. 68–191.

Second District.

June 20, 1969.

Rehearing denied August 20, 1969.

Raymond Harkrider, pro se, of Chicago, appellant.

Hall, Meyer, Fisher, Holmberg, Snook & May, of Waukegan, for appellee.

JUDGE BAUER delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Lake County. Since the matters leading up to the order in dispute have a bearing on the order itself, a brief summary of those events would seem appropriate.

On September 10, 1962, a petition was filed by one Justus Benson for letter testamentary in the Estate of Martha Benson, deceased. On April 16, 1963, attorney Homer Dodge filed his appearance on behalf of Mary Jane Mahon, an heir of Martha Benson.

On August 1, 1963, the court allowed a claim of $15,-243.25 against the estate of Martha Benson and on behalf of the Chicago Cartage Company.

On August 9, 1963, Mary Jane Mahon filed a suit in equity against, among others, Justus Benson, individually and as executor and trustee under the will of Martha Benson, and the Chicago Cartage Company, in case #63-1764.

On August 12, 1963, Justus Benson petitioned the court for leave to sell real estate to pay debts of Martha Benson's estate. Mary Jane Mahon filed an answer to this petition on October 10, 1963 and on January 21, 1964, the court entered an order approving the sale.

On January 16, 1964, Mary Jane Benson filed an amended complaint in case #63-1764 against Justus Benson, et al. On December 22, 1964, Raymond Harkrider filed his appearance as attorney for both Justus Benson and the Chicago Cartage Company, and filed, on behalf of those two clients, a counterclaim against the heirs at law of Martha Benson, seeking, among other things, to reach the assets of the Estate of Martha Benson, deceased.

Various other complications then appear in the pleadings in the estate of Martha Benson and in the action instituted by Mary Jane Mahon. The most serious complication involved the death of Justus Benson because this led to: (a) The appointment of Sue Benson as Executor of the Estate of Justus Benson in which matter Sue Benson was represented by Raymond Harkrider; (b) Sue

252

Benson, as Executor of the Estate of Justus Benson, substituted as party defendant in the equity action in which she was also represented by Raymond Harkrider, and, (c) the appointment, on March 29, 1969, of Raymond Harkrider as successor-executor of the Estate of Martha Benson, deceased.

Things now remained relatively quiet until February 27, 1968, when Mary Jane Mahon petitioned the court to appoint an administrator to defend the Estate of Martha Benson, deceased, in the counterclaims filed in the equity action, case #63–1764. On March 12, after a hearing the court below entered an order which:

1) Appointed Michael Roach as Administrator to defend the Estate of Martha Benson, deceased, such administrator to serve without fee.

2) Appointed the attorneys representing Mary Jane Mahon to represent Roach in the defense of the counterclaim in case #63–1764.

3) Ordered that the fees and expenses of such defense be payable from the Estate of Martha Benson "in such amounts as this court shall determine to be proper at the time of the final disposition of said counterclaim."

It is from this order of March 12, 1968, that this appeal is taken.

It is a matter of interest to note that, after notice of appeal had been filed, the counterclaim in question was dismissed on motion of the counterplaintiff and that no fees or expenses were requested or allowed on behalf of the administrator to defend or his counsel; indeed, they have affirmatively denied having incurred either expenses or fees. Nevertheless, the appeal has been prosecuted.

██ Authority for the order of March 12, 1968, is found in c 3, §§ 200 and 276, of the Ill Rev Stats. It is

253

obvious that the trial court concluded that the position of successor-executor of the estate was not consistent with the position of attorney for certain claimants who sought to reach the assets of the estate. With this position we completely agree. Since the court had the right and duty to make such appointment, it is also appropriate that the court make suitable allowance for the payment of fees and expenses incurred in defense of the counterclaim.

The order of the Circuit Court of Lake County is, therefore, affirmed in all respects.

Judgment affirmed.

DAVIS, P. J. and ABRAHAMSON, J., concur.