*In re* ESTATE OF MARGARET F. STORER, Deceased—(PAUL A. CROEGAERT, Guardian *ad Litem, et al.,* Appellants, *v.* HAROLD E. STORER, Admr. of the Estate of MARGARET F. STORER, Deceased, Appellee.)

(No. 70-15;

Fifth District—April 19, 1971.

Brazities & Croegaert, of Olney, (Paul A. Croegaert, of counsel,) for appellants.

Aulvin and Allison, of Mt. Carmel, (John L. Aulvin, of counsel,) for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Appellants, Paul A. Croegaert, Guardian *ad Litem* for minors. Sara O'Kema Robertson, Charles William Robertson, Richard Ross Schrader and Phillip J. Mudd, and the Olney Trust and Banking Company, guardian of the estates of the aforesaid minors, appeal from an order of the Circuit Court of Richland County denying the petition of the guardian of the estates to remove Harold E. Storer as administrator of the estate of Margaret F. Storer, deceased, mother of the aforesaid children, and from an order authorizing the administrator-appellee to settle the claim for wrongful death of the deceased against David Speith and Fred Spieth, Jr., for $15,000.00 and awarding fees of $3,750.00 to the administrator's attorney.

Margaret F. Storer died intestate on March 14, 1969 as the result of an automobile collision which occurred on March 9, 1969. Her husband Harold E. Storer was appointed administrator of her estate. In the inventory filed by the administrator on April 14, 1969, he listed as the personal estate of the deceased a cause of action for wrongful death against David Spieth and Fred Spieth, Jr., with an estimated value of $10,000.00. On the same date he petitioned for authority to settle this claim and for direction as to distribution. This petition alleged that the sole heirs at law of Margaret F. Storer were Harold E. Storer, surviving spouse Richard Ross Schrader, son, Sarah O'Kema Robertson, daughter, Charles William Robertson, son, and Phillip J. Mudd, son; that the principal asset of decedent's estate is a cause of action against Fred Spieth, Jr., and David Spieth which is a disputed claim and arises out of the death of decedent by reason of injuries sustained in a car collision between an automobile in which she was a passenger and another automobile owned by Fred Spieth, Jr., and driven by David Spieth, age 16; that the collision occurred on March 9, 1969 in Richland County on what is commonly known as the "Seven Hills Road" being to the best of petitioner's knowledge a narrow township road paved with black top; that the car in which decedent was riding was being driven by Harold E. Storer and collided head-on with the car driven by David Spieth at the top of a hill; that an offer has been received in the sum of $10,000.00 by the insurer of the other automobile,

solely for the payment of the wrongful death of decedent which would be payable to the estate to be distributed among the husband and children of said deceased after payment of funeral expenses in the sum of $1,510.00, court costs and attorney fee; that the offer of $10,000.00 is reasonable under the circumstances and should be accepted in view of the fact that the negligence and liability of the drivers of both automobiles is disputable, the head-on collision taking place approximately in the center of a road on top of a hill; that the amount recovered in settlement should be distributed pursuant to Ill. Rev. Stat., 1969, ch. 70, par. 2, to the surviving spouse and next of kin in the proportion as determined by the court; that the percentage of the dependency of each such person upon the deceased person bears to the sum of the percentages of dependency of all such persons upon the decedent; that the four children of the decedent are minors and were dependent upon the decedent in that petitioner as husband was dependent upon decedent who was managing a shelter home in Noble, Illinois, and the petition prayed that the; settlement offer be approved, and the court direct distribution of the assets from the settlement after deduction of court costs, administration expenses, funeral expenses of $1,500.00, medical expenses of $250.00 and hospital expenses of $543.20.

Paul A. Croegaert who was appointed guardian·*ad litem* for the minor children objected to the settlement as being inadequate and the petition for authority to settle the cause of action for that amount was denied on May 26, 1969. Attorneys for the administrator until that date petitioned the court for leave to withdraw for personal reasons and the court awarded them attorney fees of $450.00 for services up to that date. The Olney Trust and Banking Company was appointed guardian of the estates of the minor children.

On October 9, 1969 a second petition for authority to settle the ·claim against David Spieth and Fred Spieth, Jr., and for direction as to distribution was filed by the administrator. This petition was identical to the first petition except that the settlement figure was raised to $15,000.00.

On October 14, 1969 the Olney Trust and Banking Company as guardian of the estates of the minor children filed a petition to remove Harold E. Storer as administrator of the estate. This petition set forth the events which had occurred to date and alleged that Harold E. Storer was "unsuitable for the discharge of his duties as administrator and good causes exist for his removal from such office as contemplated by Illinois Revised Statutes, Chapter 3, Section 276." for the reasons that the proposed settlement created a personal interest in Harold E. Storer which is in conflict with his interest and duties as administrator and thus renders him incapable of serving, that by virtue of Ill. Rev. Stat., 1969, ch. 79, par. 2, the contributory negligence of the administrator precludes him from sharing any

amount recovered in the wrongful death action and the settlement cannot include any compensation for the pecuniary injuries suffered by him resulting from the death; that the petitions filed by the administrator both alleged dependency on the deceased and the facts alleged in these petitions affirmatively demonstrate negligence on the part of the administrator; that decendent's estate also has as an asset a cause of action against Harold E. Storer for wrongful death as a result of his wilful and wanton acts and omissions and that prosecution of such claim by Harold E, Storer as administrator is impossible, since Harold E. Storer in his fiduciary capacity would be required to bring suit against himself individually, thus creating an impossible conflict of interest, and that it would be in the best interest of the estate, particularly in view of the fact that principal beneficiaries are minors, to remove Harold E. Storer as administrator.

After answers were filed by the administrator denying material portions of the petition and by the guardian *ad litem,* the court on November 3, 1969 denied the guardian's petition for removal but apointed the Olney Trust and Banking Company as special administrator of the estate and granted it authority to make all claims or file any suits that may be necessary to seek recovery against any other party who may be liable for the death of decedent excepting Fred Spieth, Jr., Eleanor Speith and David C. Speith. On November 4, the court granted the administrator's petition to settle the claim for the wrongful death of decedent against Fred Spieth, Jr., and David Spieth for $15,000.00. The order found that decedent was a passenger in a car driven by Harold E. Storer and that the collision occurred approximately two and a half miles northeast of Olney, Illinois, on a road commonly known as the "Seven Hills Road" in Richland County and that the collision took place at the top of a hill on a narrow blacktop road believed to be a township road, with liability for said collision being disputed by both sides and that in view of the circumstances of the collision the settlement of $15,000.00 is a reasonable settlement. The court directed that the administrator execute a covenant not to sue only as to the claims against Fred Spieth, Jr., Eleanor Spieth and David C. Spieth without prejudice to any claim which the special administrator may have or any claim by the minor children involved in the accident for injuries sustained by them.

The court further awarded an attorney fee of $3,750.00 being 25% of the settlement and found that all four minor children were dependent upon their mother and their respective fathers for their support and that Harold E. Storer was not dependent upon her for support and directed that after payment of attorney's fees the balance shall be distributed equally among the four children.

■■ The only issue which we reach is whether the probate court erred in

denying the petition of the guardian of the minors' estates to remove Harold E. Storer as administrator on the grounds that he was incapable of and unsuitable for the discharge of his duties because of the conflict between his personal interest as a potential party defendant and the interest of the estate and the minor heirs of the decedent. The court may remove an administrator only for one of the reasons stated in Ill. Rev. Stat., 1969, ch. 3, par. 276. (*In re Estate of Breault*, 29 Ill.2d 165.) This section was amended in 1965 to include as grounds for removal when the administrator "(9) becomes incapable of or unsuitable for the discharge of his duties; or (10) there is other good cause." These two paragraphs add to the grounds previously available for the removal of a representative of a decedent's estate and are not limited to the circumstances enumerated in sub-paragraphs (a)1 through (a)8. *In re Estate of Kuhn,* 87 Ill.App.2d 411.

Appellee contends that no evidence was presented by appellants showing any grounds for removal of the administrator, that the administrator has performed his duties in a manner acceptable to the probate court which appointed him, and in accordance with the burden imposed on the administator by law, and therefore the trial court has no jurisdiction to remove the administrator because none of the grounds enumerated in the statute were proved.

The evidence concerning the accident shows that the automobile in which decedent was riding was being driven by Harold E. Storer; that the collision occurred on a Sunday afternoon while the family was on a Sunday drive; that it occurred at the crest of a hill on "Seven Hills Road", that both vehicles were in the center of the road and that the collision occured at the crest of the hill and it appears that there was adequate room for the automobiles to pass each other safely without leaving the road. The record further discloses that the inventory filed by the administrator did not list as an asset of the estate any cause of action against himself for the wrongful death of decedent. Further, after the attorneys who represented the administrator until the date the first petition was filed withdrew, the administrator entered into a contract to pursue the wrongful death against the Spieths with attorneys who also represented the administrator's insurer, and the administrator's present attorney received the case from them. There is no showing that the administrator pursued or ever considered pursuing a claim against his insurer on behalf of the estate and the heirs at law for the wrongful death of decedent.

■■ It cannot be disputed that if, in fact, there is a cause of action against Harold Storer for the wrongful death of decedent for his wilful and wanton misconduct, that there is an impossible conflict of interest between his personal estate and his duties as administrator. The probate court recognized this conflict by its appointment of the Olney Trust and Banking

Company as special administrator to pursue this claim. The duties of an administrator are in general to collect the estate, convert it into cash and distribute it to the person entitled thereto. (*In re Estate of Burger,* 16 Ill. App.2d 510.) The relationship between the administrator and its beneficiaries is fiduciary in character and the administrator is held to the highest standard of fair dealing and diligence when dealing with the estate, although the position of representative of an estate is not limited to one who has no personal interest in the estate, Ill. Rev. Stat., 1969, ch. 3, par. 77; *In re Estate of Kuhn, supra;* however, unsuitablesness to administer the estate may well consist in an adverse interest of some kind or hostility to those immediately interested in the estate, whether as creditors or distributees or even of an interest adverse to the estate itself. (*In re Estate of Abell,* 395 Ill. 337.) For example, *In re Estate of Benson,* 111 Ill.App.2d 251, the court held that it was the right and duty of the probate court to appoint another administrator to defend decedent's estate where the attorney for certain claimants who sought to reach assets of the estate also occupied the inconsistent position of successor-executor of the estate.

■■ Harold E. Storer is a potential defendant in a lawsuit arising out of the accident in question. As administrator of the estate of Margaret F. Storer, deceased, he attempted to settle a claim arising out of that accident. His position in that respect was inconsistent. The trial court recognized this conflicting interest and appointed the Olney Trust and Savings Company as special administrator of the estate with authority to make all claims or file any suits that may be necessary to seek recovery against anyone liable for the death of decedent, excepting Fred Spieth, Jr., Eleanor Spieth and David Spieth. We believe the court should have given the bank authority to pursue all claims arising out of the accident in question.

Accordingly, the order of the circuit court denying the bank's petition to remove Harold E. Storer as administrator is affirmed, the order entitled "Order Authorizing Administrator to Settle Claim and Cause of Action and Directing Distribution of Funds Received" is reversed, and the portion of the order appointing the Olney Trust and Savings Company as special administrator is modified to grant authority to make all claims or file such suits as may be necessary to seek recovery against any party or parties who may be liable for the death of Margaret F. Storer, deceased.

Affirmed in part, reversed in part, modified in part, and remanded.

EBERSPACHER and BORR, JJ., concur.