*In re* ESTATE OF RICHARD SMOLEN, JR., Deceased—(Application of RICHARD SMOLEN, SR., for Letters of Administration, Appellant.)

(No. 56334;

First District—July 10, 1972.

Leon C. Wexler, of Chicago, for appellant.

Mr. JUSTICE BURKE delivered the opinion of the court:

This is an appeal from an order appointing Grace De Velasco Administrator of the estate of her deceased grandson, Richard Smolen, Jr. (See Supreme Court Rule 304(b)(1)). The following appears from the record.

Richard Smolen, Sr., the father of the deceased, and Grace De Velasco, the deceased's maternal grandmother, filed their Petitions for Letters of Administration in the above estate. At the hearing it was learned that Smolen, Sr., (the appellant here) had been convicted of armed robbery in 1952, and released from the penitentiary in 1957. It was also learned that on April 20, 1971, his rights of citizenship were restored by the Governor of Illinois. The trial judge allowed De Velasco's petition stating that in his opinion, she would make the best administrator for the estate. We find that the court erred in denying Smolen's petition.

 The fact of Smolen's previous conviction does not render him unqualified to act as an administrator in view of the fact that his rights of citizenship were restored by the Governor. (See Ill. Rev. Stat., 1971, ch. 38, sec. 124—2(a).) Furthermore, although it has been held that Section 96 of the Probate Act (Ill. Rev. Stat., 1971, ch. 3, sec. 96) does not confer an absolute right upon those enumerated therein to be appointed administrator, (see *In re Estate of Abell*, 395 Ill. 337, 70 N.E.2d 252; *Estate of Storer v. Storer*, 131 Ill.App.2d 1049, 269 N.E.2d 352) in the absence of an adverse interest or hostility, the statutory preferences must be respected. *Cf. O'Rear v. Crum*, 135 Ill. 294, 25 N.E. 1097, and *In re Estate of Wynn*, 311 Ill.App. 190, 35 N.E.2d 702.

For the reasons stated, the order appointing Grace De Velasco Administrator of the Estate of Richard Smolen, Jr., is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Order reversed and cause remanded with directions.

GOLDBERG, P. J., and LYONS, J., concur.