In re ESTATE OF THOMAS M. MORRISSEY, Deceased.—(MARGARET L. MORRISSEY, Petitioner-Appellant, v. BERNICE MORRISSEY, Adm'r of the Estate of Thomas M. Morrissey, Deceased, Respondent-Appellee.)

First District (5th Division) No. 62261

Opinion filed May 14, 1976.

A. J. Hardiman, of Chicago, for appellant.

Arthur S. Gomberg, of Chicago (Samuel Nineberg, of counsel), for appellee.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Margaret L. Morrissey, petitioner, and Thomas M. Morrissey were married in Cook County on October 20, 1956. The circuit court dissolved that marriage by a decree of divorce on January 16, 1974, and awarded petitioner with the custody of their three minor children.

Thomas died intestate on February 5, 1975. Bernice Morrissey, decedent's mother, petitioned for letters of administration in decedent's estate. On February 25, 1975, the circuit court granted her petition and appointed her the legal representative of decedent's estate.

Subsequent to the order appointing Bernice administrator, petitioner filed her own amended petition for the issuance of letters of administration to her which alleged, inter alia, that the only assets of the estate were possible causes of action under the Wrongful Death Act[1] and the Dram Shop Act and that she did not wish Bernice Morrissey to represent her minor children in possible future litigation since she was "not on friendly terms" with decedent's mother. She prayed for an order vacating the appointment of Bernice Morrissey, and either appointing her administrator or co-administrator or allowing her to nominate an administrator.

After both parties filed briefs in support of their respective positions and arguments were heard, the trial court entered its order which denied petitioner's amended petition for letters and specifically found that decedent's parents had priority under section 69 [sic] of the Probate Act, petitioner had not proved any disqualification of the parents under section 94 of the Act nor any conflict of interest sufficient to disqualify the nominee of the parents.

Petitioner appeals from that order.

---

[1] A cause of action for wrongful death must be brought by and in the names of the personal representatives of the deceased. Ill. Rev. Stat. 1975, ch. 70, par. 2.

OPINION

Petitioner contends that the preferences established in section 96 of the Probate Act[2] do not apply when the sole assets of the estate are causes of action under the Wrongful Death Act and the Dram Shop Act. We note at the outset that the present administrator has not contested petitioner's right as mother of the beneficiaries to proceed under the Dram Shop Act, and, therefore, we will not address that issue in this appeal.

■■ ■ Nonetheless, petitioner has offered no authority for her contention that the statutory preferences are inapplicable in the instant case. To the contrary, in the absence of adverse interest or hostility, statutory preferences for letters of administration must be followed. (*In re Estate of Smolen*, 6 Ill. App. 3d 806, 286 N.E.2d 588.) Here, the trial court specifically found that no conflict nor disqualification existed. Petitioner's allegation that she, personally, was "not on friendly terms" with the administrator is the sole evidence of any hostile interest and that evidence has been rejected by the trial court. Moreover, even if the administrator was hostile towards petitioner, there is no evidence that any hostility exists between the beneficiaries of the Wrongful Death action, the minor children, and the administrator, their grandmother.

■■ Finally, petitioner has based her preferential right to appointment upon her status as decedent's "surviving spouse." The record is clear, however, that petitioner's marriage to decedent had been dissolved by court decree approximately one year prior to decedent's death. A divorce decree completely dissolves the marriage contract and converts the status of the parties from coveture to that of single person. (*Seuss v. Schukat*, 358 Ill. 27, 192 N.E. 668.) All property rights which are dependent upon the marriage relationship and which have not vested prior to the dissolution, terminate. (*Kent v. McCann*, 52 Ill. App. 305.) In the instant case, petitioner was not a surviving spouse at the date of decedent's death. She was on that date by law, a single person and had been for approximately one year. We believe that the statutory term "surviving spouse" should be given its ordinary meaning as one of a married pair who outlives the other. (*Rosell v. State Industrial Accident Com.* (1939), 164 Ore. 173, 95 P. 2d 726; see Webster's Third New International Dictionary 2208 (1971); Black's Law Dictionary 1575 (4th ed. rev. 1968).)

---

[2] Section 96 of the Probate Act (Ill. Rev. Stat. 1975, ch. 3, par. 96) provides in pertinent part:

"The following persons are entitled to preference in the following order in obtaining the issuance of letters of administration, of administration with the will annexed, of administration de bonis non and of administration de bonis non with the will annexed:

(1) The surviving spouse or any person nominated by him.

 * * *

(5) The parents or any person nominated by them."

When we apply these legal and factual realities to the case at bar, we must conclude that petitioner has no statutory right to preference as decedent's surviving spouse.

For the reasons stated above, we affirm the judgment of the circuit court.

Affirmed.

SULLIVAN and BARRETT, JJ., concur.