(No. 14486.—Reversed and remanded.)
FRANK W. DUPEE *et al.* Plaintiffs in Error, *vs.* FRANK F.
FOLLETT, Public Admr. Defendant in Error.

*Opinion filed June 21, 1922—Rehearing denied October 10, 1922.*

ADMINISTRATION—*when letters should not be given to public administrator.* Section 18 of the Administration act, providing that letters shall be given the public administrator if none of the preferred classes have exercised their right to nominate an administrator within sixty days from the death of the intestate, is not strictly mandatory, and, although five months have elapsed since the death of the intestate, if the heirs apply for administration before the public administrator is appointed, the letters should be granted to the heirs or to the person they nominate. (*Cotterell* v. *Coen,* 246 Ill. 410, followed.)

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. S. C. STOUGH, Judge, presiding.

LESTER H. STRAWN, for plaintiffs in error.

HOWARD H. BAYNE, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Sarah A. Dupee, residing in LaSalle county, died intestate February 20, 1920. She was a widow and left surviving her two sons, Frank W. and John A. Dupee, and a daughter, all of legal age, also two minor grandchildren, as her only heirs. Ella K. Dupee, mother of the minor grandchildren, was their guardian. At the time of her death Sarah A. Dupee was the owner of two residence properties in Earlville and eight vacant lots, of the value of $8000, and personal property of the value of $500. No petition for letters of administration was filed by anyone until July 28, 1920, when Frank W. Dupee, son of the deceased, filed a petition for his appointment as administrator.

Defendant in error, Frank Follett, is public administrator for LaSalle county and he objected to letters being granted the petitioner. August 4, 1920, a petition was filed by all the children of deceased and the guardian of the minor grandchildren praying that Frank W. Dupee be appointed administrator. Defendant in error objected to the appointment and the matter was not then acted upon by the court. August 30, 1920, defendant in error filed a petition praying that letters of administration be granted to him as public administrator. A hearing was had September 2, 1920, the petitions of the heirs for the appointment of Frank W. Dupee were denied and letters of administration issued to defendant in error. The heirs appealed to the circuit court, which sustained the appointment of defendant in error, and on appeal to the Appellate Court the order was affirmed. The cause was removed to this court on petition of the heirs for writ of *certiorari.*

Section 18 of the act in regard to the administration of estates names the persons or classes who may administer on intestate estates or nominate the administrator and designates the order of preference. The first class is the surviving husband or wife or some person nominated by him or her. The next in priority, or second class, are the children of the deceased or some person nominated by them. The public administrator is ninth in the order of preference. Section 18 then provides: "Preference and the right to nominate under this act must be exercised within sixty days from the death of the intestate, at the expiration of which time administration shall be granted to the public administrator."

It is the contention of defendant in error that the children having failed to nominate someone for administrator within sixty days after the death of their mother, it was the imperative duty of the probate court to grant the petition of the public administrator. The inference seems warranted that it was at first intended by the next of kin of

the intestate that there should be no administration. No application for letters was made until July 28,—five months after the death. That petition was filed by Frank W. Dupee asking his own appointment. Defendant in error objected, and a few days later, August 4, all the adult heirs and the guardian of the minors joined in a petition for the appointment of Frank W. Dupee. It was stipulated at the hearing "that all of the heirs and the guardian have agreed among themselves that said Frank W. Dupee, a son of the deceased, should collect the assets of said estate and discharge all liabilities, and that for greater convenience of doing so said Frank W. Dupee should be appointed administrator of said estate."

The construction of section 18 contended for by defendant in error is, that the preference and right to nominate must be exercised within sixty days from the death of the intestate, and if it is not so exercised by one of the preferred classes the appointment of the public administrator is mandatory. We cannot agree that the statute is mandatory in all cases where the heirs have not exercised their right within sixty days. It was decided by this court in *Cotterell* v. *Coen,* 246 Ill. 410, that the public administrator had no right to be appointed administrator of Cotterell's estate although more than sixty days had elapsed since the death of the intestate, and his children and grandchildren, his only heirs, had not exercised their right to nominate an administrator. In that case the adult heirs and guardian of the minors had agreed to settle the estate without administration and never at any time requested the appointment of an administrator. This court said they might do that; that the statute did not contemplate that all estates must be administered, and that the public administrator had no right to the appointment. If the court had given the statute the construction contended for by defendant in error it would have been compelled to sustain the right of the public administrator to appointment. It can make no dif-

ference that in this case the heirs did ask the appointment
of an administrator and in the *Cotterell case* they did not.
On the contrary, there would seem to be a better basis for
sustaining the position of the public administrator in that
case than in this, for here, before the defendant in error had
applied for appointment, the heirs had filed their petitions.
In the *Cotterell case* the heirs had no intention of asking
for administration. While in this case they appear to have
originally intended to wind up the affairs of the estate with-
out an administrator, they later found it advisable to ask
the court to appoint one, which they did before any request
was made by defendant in error. The statute contemplates
the public administrator shall act when an intestate leaves
property in this State and there is no relative or creditor
within this State who will administer. If the deceased
leaves relatives in this State who will administer, and they
seek to do so before the public administrator is appointed,
they have the right to do so even though they did not at-
tempt to exercise that right within sixty days. The rea-
son for creating the office of public administrator was to
give authority to someone to administer on intestate estates
where no relative or creditor would administer. If admin-
istration is required to conserve the estate and relatives and
creditors of the deceased will not administer, it is the duty
of the public administrator to do so. The office was cre-
ated for the benefit of such estates, and if the heirs apply
for letters of administration before application is made to
commit the administration to the public administrator, al-
though more than sixty days have expired since the death
of the intestate, letters should be granted to them or to
the person they nominate. It was the clear intent of the
legislature that relatives and creditors of the intestate should
be preferred to the public administrator, as evidenced not
only by the plain language of section 18, but also of sec-
tions 19, 46 and 48. If none of the eight preferred classes
apply for letters within sixty days from the death of the

intestate then the administration may be committed to the public administrator, but if the heirs apply for letters before the estate is committed to the public administrator, it was never intended that he should, by objecting, secure letters to himself. This is the effect of the construction given the statute in the *Cotterell case, supra.*

It was error to deny the application for the appointment of Frank W. Dupee as administrator, and the judgments of the probate court, the circuit and Appellate Courts are reversed and the cause remanded to the probate court, with directions to set aside the appointment of the public administrator and grant letters to Frank W. Dupee upon his giving bond and qualifying as administrator.

*Reversed and remanded, with directions.*