560

In re Estate of Frank Marco, Deceased.
Rose M. Kelly, Appellant, v. Rose McClary, Appellee.

Gen. No. 9,762.

Heard in this court at the February term, 1942. Order affirmed. Opinion filed May 14, 1942.

CARR, CARR & CARR, of Ottawa, for appellant.

JOHN H. ARMSTRONG, of Ottawa, for appellee.

MR. JUSTICE DOVE delivered the opinion of the court.
The question in this case is whether appellant, as nominee of the only resident brother· of Frank Marco, deceased, is entitled to administer the estate in preference to appellee, the only resident sister of the decedent.

The facts are not in dispute. Frank Marco died intestate on April 24, 1941. He left surviving him as his only heirs-at-law, August Marco, his brother, and appellee, Rose McClary, his sister, both residing in this State; a sister, a nephew and two nieces, who are nonresidents; and two nieces living in Illinois. No question is involved as to any right of the nonresidents or the resident nieces to administer. On April 28, 1941,

a relinquishment by August Marco of his right to administer and his nomination of appellant, with her petition for letters ·of administration, was filed in the probate court of La Salle county. The probate court set the hearing for May 22, 1941, and directed the clerk to mail a copy of the petition to appellee. Appellee filed her petition for letters on May 6, 1941. The hearing was set for the same day as the hearing on the other petition, and the court required 10 days' notice by mail to all the heirs-at-law. On the hearing of both petitions the court denied the petition of appellant and appointed appellee administratrix of the estate. An appeal to the circuit court terminated with a like result, and appellant has further appealed to this court from the order of the circuit court.

Prior to the enactment of the Probate Act of 1939 (Ill. Rev. Stat. 1941, ch. 3, par. 151, *et seq.* [Jones Ill. Stats. Ann. 110.247 *et seq.*]) the pertinent provisions of section 18 of the Administration Act (Ill. Rev. Stat. 1939, ch. 3, par. 18), repealed by the Probate Act, provided:

"Administration of the estate of all persons dying intestate shall be granted to some one or more of the persons hereinafter mentioned and they are respectively entitled to preference thereto in the following order: . . . 5th. To the brothers or any competent person nominated by them. 6th. To the sisters or any competent person nominated by them. . . . 8th. To the next of kin or any competent person nominated by them. 9th. To the public administrator or to any creditor who shall apply for the same.

Provided, that only such persons as are entitled to administer under this act shall have the right to nominate. When several are claiming and are equally entitled to administration, the court may grant letters to one or more of them, preferring relatives of the whole to those of half blood. Preference and the right to nominate under this act must be exercised within

sixty days from the death of the intestate, at the expiration of which time administration shall be granted to the public administrator."

Comparable provisions of the 1939 Probate Act are sections 96, 97 and 101 [Jones Ill. Stats. Ann. 110.345, 110.346 and 110.350] thereof. The applicable provisions of section 96 (par. 248) are:

"The following persons are entitled to preference in the following order in obtaining the issuance of letters of administration of the various kinds; . . . (4) The brothers and sisters or any person nominated by them. . . . (6) The next of kin or any competent person nominated by them. (7) The public administrator. (8) A creditor of the estate. . . . Only persons qualified to administer under this Act shall have the right to nominate."

Section 97 provides:

"When several persons are claiming and are equally entitled to administer or to nominate an administrator, the court may grant letters to one or more of them or to the nominee of one or more of them, preferring those of the whole blood or their nominee to those of the half blood or their nominee."

Section 101 provides:

"Upon the hearing on the petition for letters of administration the court shall issue the letters to the petitioner or his nominee unless letters are sought by a person entitled either to administration or to nominate a person to administer in preference to the petitioner."

While the prior act was in force the Supreme Court had occasion to interpret its preference provisions in *Justice v. Wilkins,* 251 Ill. 13. In that case the next of kin of a decedent comprised sixteen resident nephews and nieces, other nonresident nephews and nieces, and grandnephews and grandnieces residing in this and other States. One of the resident nieces waived her right to administer and nominated her son,

whom the county court appointed as administrator. Subsequent petitions by a number of the other nephews and nieces to set aside the order and for the appointment of another person were denied. The appointment was sustained on appeals to the circuit court and the Appellate Court. In reversing those judgments, the Supreme Court held that any one of the resident nephews or nieces, otherwise qualified, was entitled to be appointed administrator, and that the court might have granted letters to any one or more of them, but that the statute was mandatory, and a stranger to the class, nominated by one of such nephews or nieces, could not be appointed unless the others who were equally entitled to administer waived their rights; that when any one heir of a class waives the right and nominates another, the one so nominated is not to stand in the place of the other, with equal rights to administer as against the others of the class, unless the person nominating is the only heir of that class; and that if all of those who appear of the class entitled to administer waive that right and another person is appointed at his, her or their request, if one of the others of the class who are equally entitled to administer appears ''within sixty days from the death of the intestate'' and insists upon his right to administer in person, it would be the duty of the court to appoint him if he was competent, providing, however, for proper protection of the estate and compensation for the person theretofore appointed.

Appellant insists that the provisions above mentioned of the Probate Act, and particularly section 101, render the decision in that case ineffective, and points out several instances in which legislative changes in statutes have superseded decisions of the courts under prior acts. The claim that the provisions of section 2 that words importing the masculine gender include the feminine, and words importing the singular number include the plural and vice versa, which were not

in the prior Administration Act, change its effect and supersede the holding in *Justice v. Wilkins, supra,* is without merit. Like provisions, applicable to all statutes, have been in the chapter on statutes (ch. 131, sec. 1, pars. 3, 4) ever since the act of 1874, and were in effect when the opinion in *Justice v. Wilkins* was rendered.

If, as contended by appellant, it was the intention of the legislature by sections 96, 97 and 101, to put a nominee on a parity with the person or persons nominating him, that fact, if it be a fact, does not in any way indicate that a domination by one of a class deprives the other member or members of that class of his or their right to administer or to nominate. We do not agree with the claim that the provisions of section 101 require the appointment of the first petitioner or nominee who files, to the exclusion of all other members of the same class, unless some person appears with a better right. There are several reasons why such an interpretation cannot be adopted. As suggested by appellee, it would result in a race from the death bed to the clerk's office, and the first applicant from the eligible class would be entitled to be appointed, regardless of the number of persons in that class. It would thus nullify the provisions of section 96 providing for administration or nomination by class, and the provisions of section 97, which gives the court discretion in appointing the administrator when several who are equally entitled are claiming. The legislature manifestly intended no such an absurd result. Particular sections of any statute must be construed with the other provisions of the same statute, and under this familiar rule, section 101 must be construed as not requiring the appointment of the first petitioner when there is a contest by other members of the same eligible class. To hold otherwise would do violence to the other provisions of the act and the established rules of statutory construction. This doctrine was fol-

lowed in *Dupee v. Follett,* 304 Ill. 166, where a public administrator claimed the last sentence above quoted from section 18 of the Administration Act was mandatory. The court construed it with other provisions of the act and held the heirs-at-law or their nominee was entitled to be appointed administrator, although their petition was not filed within the prescribed 60 days.

It is apparent that even if the provisions of sections 96, 97 and 101 of the Probate Act change the rule announced in *Justice v. Wilkins, supra,* that a nominee who is a stranger to the class (as is the case here), does not stand in the place of the one nominating him, such a change is wholly immaterial in this case. The rule stated in *Justice v. Wilkins, supra,* that nominations must be by class is not abrogated by any of the mentioned sections of the Probate Act. Its provisions in that respect, applicable here, are substantially the same as those of the prior act and as stated in *Justice v. Wilkins, supra.* The Probate Act, like the prior Administration Act, still requires nominations by all the members of the eligible class. Section 97, like section 18 of the prior act, vests the court with authority to make the appointment when two equally entitled are claiming. That authority was correctly exercised in this case.

The claim that the probate court erred in requiring notice of the filing of appellant's petition, and that if notice had not been given, appellant would have been appointed, doing away with all question of the rights of appellee, is so obviously without foundation as a ground for reversal as to require no comment. The order of the circuit court is affirmed.

*Order affirmed.*