In the Matter of the Estate of Frank R. Nitti,
Deceased.
Allen H. Schultz, Ida Schultz and Nathan Sugarman,
as Co-executors of the Estate of Alex L. Green-
berg, Deceased, Petitioners-Appellants, v. An-
nette Nitti, Administrator of the Estate of Frank
R. Nitti, Deceased, Respondent-Appellee.

Gen. No. 47,556.

First District, First Division.

May 18, 1959.

Rehearing denied June 12, 1959.

Released for publication September 15, 1959.

Schultz, Biro & Karmel, of Chicago, for petitioners-appellants.

Joseph B. Quinn, Robert L. Phee, Richard B. Fredo, John J. Kennelly, of Chicago (John J. Kennelly, James P. Chapman, of counsel) for respondent-appellee.

JUSTICE DEMPSEY delivered the opinion of the court.

The petitioners appeal from an order of the Circuit Court dismissing their petition to revoke letters of administration de bonis non issued to Annette Nitti.

The issues are whether the Probate Court had jurisdiction to grant the letters, and whether the petitioners, as alleged debtors of the estate, can object to the appointment of the administrator de bonis non. The first issue turns upon the words "newly discovered assets" in § 95 of the Probate Act (par. 247, ch. 3,

Ill. Rev. Stat. 1957). The pertinent part of par. 274 is as follows:

"When assets are discovered after distribution of the estate has been made and the executor or administrator has been discharged, on the verified petition of the executor or administrator the court may vacate the order of discharge and permit the executor or administrator to administer the newly discovered assets or on the verified petition of any interested person, letters of administration de bonis non with the will annexed or of administration de bonis non may be issued as the case requires."

Frank R. Nitti died intestate in 1943. His widow, Annette Nitti, was appointed administratrix. An item, "cash received from indebtedness—$64,500.00," appeared in a supplemental inventory and was listed in her first current account. Neither the source of the money nor the identity of the debtor was disclosed in the inventory, the account or in any other document. In 1951 the estate was closed and she was discharged.

In 1957, alleging that "there remains a claim against the Estate of Alex L. Greenberg, Deceased," she successfully petitioned the Probate Court to be appointed administrator de bonis non.

The petitioners, who are the executors of Greenberg's estate, claim that the item, "cash received from indebtedness—$64,500.00," was a payment made by Greenberg in 1944. They introduced a receipt, signed by Annette Nitti, stating that this $64,500.00 was "to be in full payment of all indebtedness due from Alex Greenberg to the Estate of Frank R. Nitto, [sic] Deceased." They contend that the Probate Court's jurisdiction rests upon the existence of "newly discovered assets," and that this term does not include assets which were known to the administrator during the original administration. They conclude that because Mrs. Nitti was aware of the claim against Green-

berg, it is not an asset discovered after the distribution of the estate and, therefore, the order appointing her administrator de bonis non is void for lack of jurisdiction, and anyone, including debtors, may contest it.

The Probate Court has limited jurisdiction (In Re Lalla's Estate, 281 Ill. App. 124, affirmed 362 Ill. 621), and we agree that the justification for its order must rest upon the existence of assets which have been discovered after distribution of the estate has been made. However, we cannot accept the petitioners' interpretation of this term. It would, in many instances, hamper the Probate Court's ability to obtain a full and complete administration of estates. The broad function of the court is to gather a decedent's assets from every available source and to disburse these according to will or to law. An administrator could be fully aware of an asset and yet fail to disclose its existence. If a venal administrator concealed assets or corruptly compromised debts, should the Probate Court be precluded from appointing an administrator de bonis non just because these assets or debts were known to the administrator? We do not believe so. After an estate has been closed and the administrator discharged, a creditor or a distributee should be able to reopen the estate. We believe the words, "newly discovered assets," relate to the court and its records, not to the knowledge of some individual.

Although it appears that Mrs. Nitti was aware of the claim against Greenberg, the court was not. Apparently no petition was presented either asking the court's direction about compromising the alleged indebtedness or seeking approval of the purported settlement. The court records reveal no entry concerning Greenberg. The claim did not come to the attention of the court until the petition was filed in 1957. There-

fore, the court had jurisdiction to grant the letters of administration de bonis non.

Inasmuch as the order is valid, the petitioners, as alleged debtors, do not have the type of interest in the estate which allows them to petition for the removal of Mrs. Nitti. In Re Estate of Trost, 292 Ill. App. 60. Their petition was properly dismissed by the Probate and Circuit Courts.

The order of the Circuit Court is affirmed.

Affirmed.

McCORMICK, P. J. and SCHWARTZ, J., concur.