In the Matter of the Estate of Keith Smith, Deceased. Bert Smith, Individually and as Administrator, Petitioner-Appellant, v. Katherine Donna Reiner and Monefay H. Smith, Respondent-Appellees.

Gen. No. 48,894.

First District, Third Division.

April 17, 1963.

Kahn, Adsit & Arnstein, of Chicago (Leo H. Arnstein and Guy E. Rodrick, of counsel), for appellant.

Stiefel, Greenberg, Burns & Baldridge, of Chicago (Walter Durley Boyle, John J. Enright and Wm. Cyril Burns, of counsel), for appellees.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken from an order of an acting judge of the Probate Court of Cook County entered on June 11, 1962 vacating an order entered by the same judge on April 17, 1962 appointing Bert Smith as administrator of the estate of Keith Smith, deceased. In its order of June 11th the court appointed Chicago Title and Trust Company as administrator.

The petitioner, Bert Smith, here contends that the Probate Court properly issued letters of administra-

tion to him and was without jurisdiction to revoke his appointment in the absence of statutory cause; that there was no showing of such cause in the record; and that consequently the revocation of the letters of administration issued to him is void and letters of administration were improperly issued to Chicago Title and Trust Company.

■ ■ The Probate Court is not a court of general jurisdiction. Its jurisdiction is fixed by the Constitution and the Act establishing the court. In In re Estate of Lalla, 281 Ill App 124, the court said: "The probate court of Cook county is a court of limited jurisdiction. It can exercise only such powers as are expressly granted or are by implication necessary to carry out powers lawfully and expressly granted. People v. Seelye, 146 Ill 189, 32 NE 458; Chapman v. American Surety Co., 261 Ill 594, 104 NE 247." See also In re Estate of Nitti, 22 Ill App2d 300, 160 NE2d 706.

■ ■ Keith Smith, a resident of Cook County, died intestate on February 10, 1962, leaving Bert Smith, his father, Monefay H. Smith, his mother, and Katherine Donna Reiner, his sister, as his only heirs at law. On February 23, 1962 Bert Smith filed a petition in the Probate Court of Cook County asking to be appointed as administrator of his son's estate. Answers were filed to the petition by his daughter and his wife which raised questions of the competency of the petitioner because of his age and his health. The mother in her answer alleged that she was unable to assume the duties of an administratrix and nominated the daughter to be the administratrix, and the daughter in her answer agreed so to act. With reference to that nomination, section 96 of the Probate Act (Ill Rev Stats 1961, c 3, § 96) states the order of preference in obtaining letters of administration, and insofar as it is pertinent to the case before us provides preference as

89

follows: first, the father and the mother, and second, the brothers or sisters. The nominee of one of the class entitled to appointment does not have the same standing as the one nominating him and as against others of the same class is not favored. Dennis v. Dennis, 323 Ill App 328, 332, 55 NE2d 527, 529. Consequently at the time of the hearing Katherine Donna Reiner, the daughter, did not have the same standing in court as Bert Smith.

 A hearing was had before the court on April 16, 1962. The court heard the testimony of Bert Smith and his son-in-law. Bert Smith testified that he was eighty years of age and had had a heart attack some eight years before but at the present time he was not under a doctor's care and was in good health. He also testified that he had lived separate and apart from his wife for twenty years. The son-in-law testified that he thought Bert Smith was not physically capable to administer the estate. At that hearing the court took the view—we think properly—that the evidence under the issues raised before it must be confined to section 94 of the Probate Act (c 3, § 94), which sets out the qualifications of an administrator and holds that a person is not qualified if he is mentally unsound, has been convicted of a crime, or is a nonresident, etc. At that time counsel for the respondents suggested that the court should appoint someone besides the father on the ground that the father and mother were living apart and had been for years, that the deceased son owned a half interest in a farm located in downstate Illinois, and that the daughter owned the other half interest. The court, after having had Bert Smith testify before him, appointed him as administrator of the estate. There was some discussion between counsel, and counsel for the respondents made an oral motion to vacate the judgment order of the court appointing the father as ad-

ministrator. The court entered and continued the motion, apparently in order to permit counsel for the respondents to submit legal authorities to the court. The same day Bert Smith filed an administrator's bond, which was approved, and letters of administration were issued to him.

The oral motion to vacate was continued from time to time. On May 28, 1962 the mother filed a petition asking that letters of administration be granted to her. The father filed a motion to strike the petition. On June 11, 1962, the last date to which the oral motion to vacate the appointment of Bert Smith as administrator had been continued, there was a discussion before the court between counsel for the administrator, Bert Smith, and counsel for the respondents, the mother and the sister of the deceased. From the record it appears that the court heard no additional evidence. The court on the same day entered an order sustaining the motion to vacate its order of April 17th which had appointed Bert Smith administrator of the estate, and in his place appointed Chicago Title and Trust Company as administrator.

The first question for us to determine is whether the court had any right to entertain a motion to vacate its judgment appointing an administrator. Courts generally have an inherent right to vacate any judgment which had been entered within thirty days upon good cause shown. The granting of letters of administration has about it a certain solemnity which was recognized by the legislature inasmuch as section 276 of the Probate Act (c 3, § 276) provides the specific grounds upon which the Probate Court, either on verified petition or on its own motion, may remove an administrator. Eight grounds are set out, among which is the securing of the letters by false pretenses. The procedure to be followed is also spelled out in the Act, and section 278 requires that a citation be issued

91

to the administrator requiring him to show cause why he should not be removed. Section 280 provides that he may file an answer to the citation, and further provides that if the court on hearing finds he should be removed for any of the causes as set out in the Act, he may be removed and his letters revoked. But it further provides that the order of the court shall state the cause of removal. In Healea v. Verne, 343 Ill 325, 175 NE 562, the court said:

> "The probate court has original jurisdiction of all probate matters and the settlement of estates of deceased persons. It had authority to appoint the appellee administratrix, and it had the power to remove her and revoke her letters only for the causes mentioned in the statute. (Munroe v. People, 102 Ill 406; Clark v. Patterson, 214 id. 533.)"

In the case before us the statutory proceeding to revoke the letters of administration issued to Bert Smith was not followed. No citation was served on him, nor was a rule to show cause entered against him. Nor did the order "vacating" his appointment as administrator set out the grounds relied on by the court. At the time when the court by its order appointed Bert Smith as administrator and he qualified and letters of administration were issued to him, he became for all intents and purposes the administrator of the estate and could only be removed in accordance with the statutory provisions. In our opinion the court should not, and could not, have entertained an oral motion to revoke its order appointing Bert Smith administrator. It had no other power than that which the statute specifically conferred upon it. An appeal could have been taken from the order of the Probate Court appointing Bert Smith as administrator upon compliance with statutory requirements. The Probate

Court is more restricted in its right to vacate a judgment appointing an administrator, which in effect is a revocation of the letters of administration, than a court of general jurisdiction. However, had a judgment been entered in a court of general jurisdiction, that judgment, under section 50 of the Practice Act (Ill Rev Stats 1961, c 110, § 50) providing that the court has discretion within thirty days to set aside a judgment, could not have been vacated without a showing of good cause. See historical notes under section 50 by Jenner and Tone (Smith-Hurd Ill Ann Stats c 110, § 50), in which the statement is made: "A bare motion to vacate, without more, is insufficient. Good cause must appear or be made to appear of record." See Soverino v. Baltimore & O. R. Co., 2 Ill App2d 357, 119 NE2d 494. In the case before us it appears from the record that there was nothing before the court other than the facts which were presented to it on the first hearing.

██ ██ Before the hearing resulting in the order of June 11, 1962 Monefay H. Smith, the mother, had filed a petition asking that she be appointed as administratrix and realleging the incapacity of Bert Smith on account of age and health. A motion to strike that petition was filed by Bert Smith. The court should have sustained that motion. Monefay H. Smith in her answer filed in the court before the appointment of Bert Smith as administrator had elected not to serve as administratrix. Whether the position which she took is termed an election or waiver it is irrevocable and cannot be revived. Elmore Real Estate Improvement Co. v. Olson, 332 Ill App 475, 480, 76 NE2d 204, 206. It is elementary law that the Probate Court cannot appoint a second administrator when one is already acting, without proceeding under the provisions of the statute to revoke the first letters of administration.

93

In support of their contention the respondents cite Dennis v. Dennis, 323 Ill App 328, 55 NE2d 527. The facts and finding in that case are stated in In re Estate of Abell, 329 Ill App 73, 67 NE2d 294:

> "It was decided in such case that where there was hostility, adversity and conflict of interest between two brothers, then the nominee of one brother should be appointed administrator as opposed to the appointment of the other brother. The court found that, although it was generally true that the nominee of one of a class has no claim to administer an estate as opposed to another member of that class, unusual circumstances justified the holding that the brother was not qualified to act because the adversity of interest rendered him unsuitable."

The respondents also rely on the case In re Estate of Abell, 395 Ill 337, 70 NE2d 252. That case is one where, on the resignation of an administrator the County Court appointed a successor administrator. An appeal was taken to the Circuit Court, and on a trial de novo that court reversed the order of the County Court appointing the successor administrator. The Appellate Court reversed the Circuit Court, and on appeal to the Supreme Court that court held that the question presented was whether upon the unusual factual situation presented the statute precluded the court from appointing a third person as administrator of an estate where the best interests of the estate require such an appointment. The court found that the facts indicated a definite adversity of interest between the parties and that, if the heirs of the decedent were appointed as administrators, they would be asking the court for an order of sale of the real estate to pay creditors and at the same time, as heirs at law of the decedent, would be resisting the application of

94

themselves as administrators. The facts in those two cases are in no way similar to the facts in the case before us. In the instant case there is no evidence in the record of conflict or hostility.

The judgment order of June 11, 1962 of the Probate Court of Cook County removing Bert Smith as administrator and appointing Chicago Title and Trust Company administrator of the estate of Keith Smith, deceased, is reversed.

Reversed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.