## In the Matter of the Estate of Ethel A. Viehman, Deceased.
## John E. Schrodt and Mary L. Andrews, Plaintiffs-Appellants, v. E. Guy Mundy, Defendant-Appellee.

Gen. No. 64–F–29.

Fifth District.

April 1, 1964.

Rehearing denied April 16, 1964.

Foreman, Meachum & Clapper, of Danville, and George W. Woodcock, of Mt. Carmel, for appellants.

Townsend, Townsend & Schafer, of Mt. Carmel (Gilbert N. Ellsworth, of counsel), for appellee.

DOVE, P. J.

Ethel A. Viehman died on July 17, 1963, leaving Camille C. Viehman, her daughter and only heir at law, her surviving. John Estes Schrodt is her brother and Mary L. Andrews is her sister. At the time of Ethel A. Viehman's death and for many years prior thereto, E. Guy Mundy, by appointment of the County Court of Wabash County, was acting as Conservator of her estate, and also Conservator for her daughter, Camille C. Viehman.

On August 6, 1963, John Estes Schrodt filed a petition in the County Court of Wabash County alleging that he was the brother of Ethel A. Viehman, reciting that her only child, Camille C. Viehman, was incompetent and requested the appointment of E. Guy Mundy as Administrator of the estate of Ethel A. Viehman, deceased. In this petition no mention was made of Mary L. Andrews. On August 14, 1963, Mr. Mundy filed an administrator's bond in the sum of

$120,000, subscribed to the required oath, and letters of administration were duly issued to him.

The following day, August 15, 1963, Mary L. Andrews filed her petition in the same court alleging that she was the sister of decedent, and requesting that letters of administration be issued to her brother, John E. Schrodt. On the same day John E. Schrodt filed another petition praying that the letters of administration issued to Mundy be revoked, and that he, Schrodt, be appointed administrator. On the same day Schrodt and Mary L. Andrews also filed a motion to vacate the order appointing Mundy as administrator.

On August 23, 1963, Mundy filed two motions, one sought to strike the motion of Schrodt and Mary L. Andrews to vacate the order appointing him as administrator, and by the other motion Mundy sought to strike the petition of Schrodt to vacate the order appointing him, Mundy, as administrator.

On August 23, 1963, Mundy also filed his petition for an order confirming his appointment as administrator. On August 26, 1963, Mary L. Andrews filed an amended petition, alleging she was a sister of decedent and requesting that the appointment of Mundy as administrator be revoked and that letters of administration be issued to her "and/or John E. Schrodt."

Following a hearing of all the pending motions and petitions, at which hearing all parties were represented by counsel, the court entered an order denying the several motions and dismissing the several petitions. The effect of this order was to leave the order of August 14, 1963, appointing E. Guy Mundy, administrator of the estate of Ethel A. Viehman, deceased, in effect. It is to reverse that order and the court's several orders dismissing the several petitions, that this appeal is prosecuted by John E. Schrodt, and Mary L. Andrews.

140

There is no dispute about the facts. The record discloses that Ethel A. Viehman died on July 17, 1963, and at the time of her death was incompetent and under conservatorship; that her only child and heir, at the time of her death, was Camille C. Viehman, who was also incompetent and under conservatorship at the time of the death of her mother; that appellants, John E. Schrodt and Mary L. Andrews were brother and sister, respectively, of decedent; that appellee, E. Guy Mundy, at the time of the death of decedent, was, by appointment of the County Court of Wabash County, her duly appointed, qualified and acting conservator, and also the duly appointed, qualified and acting conservator for Camille C. Viehman; that the original petition filed by John E. Schrodt, recited that the daughter, Camille E. Viehman was incompetent, but it made no reference to appellant, Mary L. Andrews, and contained no recitals as to her relationship to decedent or her address, and she had no notice of the filing or pendency of the petition of her brother to have Mr. Mundy appointed administrator and knew nothing of his appointment until after he had qualified and after letters of administration had been issued to him.

The Probate Act provides:

"Revocation of Letters and Issuance of New Letters of Administration—Preference"

"If the clerk of the probate court has not mailed as provided in this Article a copy of the petition for letters of administration to any person, whether or not named in the petition, who is entitled to administer or to nominate a person to administer in preference to the petitioner, the person entitled to preference within three months after the issuance of the letters may file a petition for issuance of letters to him or to his nominee. The person entitled to preference shall give ten days

141

notice of the hearing on his petition to the person to whom letters were issued. Upon the hearing the court may issue letters to the person entitled to preference or his nominee and revoke the letters previously issued. The person whose letters are revoked shall forthwith deliver to his successor the estate of the decedent which has come to his possession subject to the proper disbursements made and proper expenses incurred by him before the revocation of his letters." (Ill Rev Stats 1963, c 3, § 102).

It is conceded that Camille C. Viehman, the only child of decedent was not qualified to act as administrator of the estate of her deceased mother. (Ill Rev Stats, c 3, § 94.) Not being qualified to act as administrator, she had no right to nominate. (Ill Rev Stats c 3, § 96.) Under the heading: "Persons Entitled to Preference in Obtaining Letters," the Probate Act provides: "The following persons are entitled to preference in the following order in obtaining the issuance of letters of administration, . . . (5) The brothers and sisters or any person nominated by them." (Ill Rev Stats, c 3, § 96.) "When several persons are claiming and are equally entitled to administer or to nominate an administrator, the court may grant letters to one or more of them or to the nominee of one or more, preferring those of the whole blood or their nominee to those of the half blood or their nominee. (Ill Rev Stats, c 3, § 97.) Section 101 of the same Act provides: "Upon the hearing of the petition for letters of administration, the court shall issue the letters to the petitioner or his nominee unless letters are sought by a person entitled either to administer or to nominate a person to administer in preference to the petitioner."

Counsel for appellee, in order to sustain the order appealed from, insists that since he was nominated

142

by John E. Schrodt, a brother of decedent, one of two persons entitled to a preference, he stands in the same position as John E. Schrodt, had he, Schrodt, been appointed upon his own petition. Counsel argue that the statute did not require petitioner to give to his sister or to anyone else any notice; that notice to other members of the same class is not required; and that notice is only required to be given to persons entitled to administer, or to nominate in preference to petitioner. Counsel, therefore, conclude that since letters of administration were duly issued to appellee upon the nomination of one of a preferred class, such nomination and appointment are irrevocable.

In Justice v. Wilkins, 251 Ill 13, 95 NE 1025, Sea Bird Wilkins died intestate leaving no child or descendants, no parents, and no brothers or sisters. His next of kin comprised sixteen resident nephews and nieces, and a number of nonresident nephews and nieces and grandnephews and grandnieces residing in this and other states. One of the resident nieces waived her right to administer and nominated her son, Demalian Justice, to administer in her place. He was appointed by the County Court as administrator. Subsequent petitions by a number of the other nephews and nieces were filed requesting the court to set aside the order appointing Justice, and praying for the appointment of Roy Wilkins, a nephew. These petitions were never passed upon, and an appeal from the order appointing Justice, was taken to the Circuit Court, and that court, and also the Appellate Court, sustained the appointment.

In reversing these judgments, the Supreme Court, after referring to portions of section 18 of the Administration Act, said (p 16): "Any of the nephews and nieces residing in this state and otherwise qualified, was entitled to be appointed administrator and the court might have granted letters to anyone or

143

more of them. Could he legally appoint a stranger to the class, nominated by one of these nephews or nieces, unless the others who were equally entitled to administer waived their rights? We think not. In our judgment, the statute is mandatory to appoint one or more of the next of kin residing in the state who were otherwise qualified, unless they waived their rights. (O'Rear v. Crum, 135 Ill 294, 25 NE 1097; Judd v. Ross, 146 Ill 40, 34 NE 631.) When any one heir of a class waives the right and nominates another, the one so nominated is not to stand in the place of the other, with equal rights to administer, as against the other heirs of the class, unless the person nominating is the only heir of that class."

In re Estate of Marco, 314 Ill App 560, 41 NE2d 783, deceased left surviving him as his only heirs, two nieces, a brother and a sister, residents of this state and a sister, a nephew and two nieces who were nonresidents. The only resident brother of the deceased waived his right to administer and nominated Rose M. Kelly who filed her petition for letters of administration. Thereafter the resident sister of decedent filed her petition for letters of administration, and upon notice and after a hearing, the Probate Court denied the petition for appointment of Rose M. Kelly, the nominee of the brother and appointed the sister administrator of the estate. An appeal to the Circuit Court terminated with a like result, and Rose M. Kelly further appealed to the Appellate Court where she contended that it was the intention of the legislature by sections 96, 97, and 101 of the Probate Act to put a nominee on a parity with the person or persons nominating him.

In affirming the judgment of the Circuit Court, which affirmed the order of the Probate Court, the Appellate Court referred to the provisions of the Administration Act effective at the time Justice v. Wil-

144

kins, 251 Ill 13, 195 NE 1025, supra, was decided, set forth the comparable provisions of the present Probate Act and then said (p 564): "If, as contended by appellant, it was the intention of the legislature by sections 96, 97, and 101, to put a nominee on a parity with the person or persons nominating him, that fact, if it be a fact, does not in any way indicate that a nomination by one of a class deprives the other member or members of that class of his or their right to administer or to nominate. We do not agree with the claim that the provisions of section 101 require the appointment of the first petitioner or nominee who files, to the exclusion of all other members of the same class, unless some person appears with a better right. There are several reasons why such an interpretation cannot be adopted. As suggested by appellee, it would result in a race from the death bed to the Clerk's office, and the first applicant from the eligible class would be entitled to be appointed, regardless of the number of persons in that class. It would thus nullify the provisions of section 96 providing for administration or nomination by class, and the provisions of section 97, which gives the court discretion in appointing the administrator when several who are equally entitled are claiming. The legislature manifestly intended no such an absurd result. Particular sections of any statute must be construed with the other provisions of the same statute, and under this familiar rule, section 101 must be construed as not requiring the appointment of the first petitioner when there is a contest by other members of the same eligible class. To hold otherwise would do violence to the other provisions of the act and the established rules of statutory construction. This doctrine was followed in Dupee v. Follett, 304 Ill 166, 136 NE 543, where a public administrator claimed the last sentence above quoted from section 18 of the Adminis-

tration Act was mandatory. The court construed it with other provisions of the act and held the heirs-at-law or their nominee was entitled to be appointed administrator, although their petition was not filed within the prescribed 60 days. It is apparent that even if the provisions of sections 96, 97 and 101 of the Probate Act change the rule announced in Justice v. Wilkins, supra, that a nominee who is a stranger to the class (as is the case here) does not stand in the place of the one nominating him, such a change is wholly immaterial in this case. The rule stated in Justice v. Wilkins, supra, that nominations must be by class is not abrogated by any of the mentioned sections of the Probate Act. Its provisions in that respect, applicable here, are substantially the same as those of the prior act and as stated in Justice v. Wilkins, supra. The Probate Act, like the prior Administration Act, still requires the nominations by all the members of the eligible class. Section 97, like section 18 of the prior act, vests the court with authority to make the appointment when two equally entitled are claiming. That authority was correctly exercised in this case."

In Dennis v. Dennis, 323 Ill App 328, 55 NE2d 527, counsel for the respective parties conceded, and the court, citing Justice v. Wilkins, 251 Ill 13, 195 NE 1025, supra, and, In re Estate of Marco, 314 Ill App 560, 41 NE2d 783, supra, recognized the law to be that a nominee of one of a class has no claim to administer an estate as opposed to another member of that class.

Counsel for appellee argue that the petition upon which the Probate Court appointed him administrator literally complied with all the requirements of section 98 of the Probate Act, and the court having appointed him, and letters of administration having been issued to him, he can only be removed for cause in

146

accordance with the provisions of section 276 of the Probate Act and cites In re Smith's Estate, 41 Ill App2d 86, 190 NE2d 175, as sustaining this position. In the Smith case it appeared that Keith Smith died intestate on February 10, 1962, leaving a father, mother and sister as his only heirs-at-law. On February 23, 1962, Bert Smith, father of decedent, filed his petition requesting that he be appointed administrator of his son's estate. Answers to this petition were filed by his wife and daughter, which raised the question of the competency of the petitioner to act, because of his age and health. In her answer, the mother alleged she was unable to act and nominated her daughter, and the daughter agreed to act. Upon a hearing, the Probate Court of Cook County, on April 17, 1962, appointed Bert Smith administrator of the estate of his deceased son. Subsequently, an oral motion was made to vacate this order, and on May 28, 1962, the mother filed a petition that letters of administration be granted to her. The father filed a motion to strike this petition, and upon a hearing upon the pleadings, the court sustained the motion to vacate the order of April 17, 1962, and appointed the Chicago Title and Trust Company, administrator, and Bert Smith appealed.

In reversing the judgment order which removed Bert Smith and appointed the Chicago Title and Trust Company administrator, the court cited Dennis v. Dennis, 323 Ill App 328, 55 NE2d 527, supra, and also In re Estate of Abell, 329 Ill App 73, 67 NE2d 294, and said the facts in those cases were in no way similar to the facts in the Smith case. In the Smith case, the father had the statutory right to be appointed administrator of his son's estate, and he was appointed after a hearing in which his wife, from whom he had been separated for twenty years, and his daughter participated. In the instant case, the facts are

147

not analogous to those in the Smith case. Here the appointment of appellee was made solely upon the allegations of the petition of the brother, and this petition did not inform the court that he had a sister who was equally entitled to administer or to nominate.

What Justice v. Wilkins, 251 Ill 13, 195 NE 1025, supra, held was that the court could not legally appoint a stranger upon the nomination of an heir unless the other heirs equally entitled to administer, waived their rights to administer. In the instant case, the court could not legally appoint Mundy, a stranger, upon the nomination of Schrodt, unless Mary L. Andrews, the sister of decedent, whose right to administer was equal to that of Schrodt, waived her right to administer. Mrs. Andrews did not waive her right, but without delay, after learning of the appointment of Mundy, the nominee of her brother, she sought the revocation of the letters issued to him, and requested the appointment of herself.

■ Under the Probate Act, John E. Schrodt and Mary L. Andrews, have equal rights to administer their sister's estate. John E. Schrodt's right to administer and his right to nominate were equal, but not preferential, to that of his sister, Mary L. Andrews. When several persons are equally entitled to administer, the statute authorizes the appointment of one or more of the same class. Mary L. Andrews has a preferred right, as against appellee, a stranger, to administer her sister's estate, and the statute provides that those who have a right to administer, in preference to a petitioner, must be given notice as provided by section 99 of the Probate Act. The fact that Mary L. Andrews had this preference was first brought to the court's attention by her petition. When this appeared, an opportunity to appear and answer, if they so desired should have been given John E. Schrodt and his nominee, and then, upon a full hearing, an

148

order in accordance with the authorities herein referred to, and the provisions of the Probate Act would have been entered.

The verified petition of John E. Schrodt literally complied with the provisions of the statute, and the order of August 26, 1963, so found. The order also discloses that the court made its findings solely from the allegations of the several petitions and motions. This order recites that the court took judicial notice of its own records which disclosed that Camille C. Viehman is an incompetent person, and that appellee was, at the time the court appointed him administrator of the estate of Ethel A. Viehman, the duly appointed, qualified, and acting conservator of the estate of Camille C. Viehman.

■ A guardian ad litem need not be appointed for a minor in a probate proceeding if the statutes instituting and regulating the practice in such courts do not require such appointment. However, such appointment may be proper and required by the court where the interests of the infant demand it. (43 CJS, Infants, sec 108, p 279). In Illinois probate proceedings are civil actions, and the interests of minors cannot be properly protected unless they are represented by a competent guardian ad litem. (Simpson v. Simpson, 273 Ill 90, 94, 112 NE 176). The Uniform Basic Rules of Probate Procedure provides that whenever the court is of the opinion that, owing to conflicting interests of the legal representatives of the estate, or for any other reason, the interest of the estate or ward, requires the appointment of a guardian ad litem, a guardian ad litem shall be appointed. (Ill Rev Stats, c 3, § 401.9.)

Evidently the County Court of Wabash County had not adopted this rule at the time the petition requesting the appointment of appellee was filed, but it appeared from the petition, upon which appellee's ap-

149

pointment is founded, that he, appellee, was conservator of the estate of decedent's daughter, who was sole heir to her mother's estate. Upon his appointment as administrator, he would be dealing with himself as conservator. The general rule is that the power to appoint a guardian ad litem is one which is inherent in every court of justice. (Flynn v. Flynn, 283 Ill 206, 220, 119 NE 304, citing Blackstone's Commentaries). Being an incompetent, Camille C. Viehman should have been represented by a guardian ad litem, upon the hearing of the petition of John E. Schrodt. (See Hudson v. Thies, 27 Ill2d 548, 551, 190 NE2d 343.)

The County Court of Wabash County erred in dismissing the several petitions of appellants and in refusing to vacate its order appointing appellee administrator of the estate of Ethel A. Viehman, deceased. These judgment orders are reversed, and this cause is remanded to the Circuit Court, sitting in Wabash County, with directions to proceed in accordance with the views herein expressed.

Upon the reinstatement of this cause, the court will forthwith appoint a competent guardian ad litem for Camille C. Viehman, and grant leave to appellants, if they be so advised, and move, to amend their several petitions, and after a full hearing, with all interested parties represented, the court will be in an informed position to exercise the discretion with which it is vested by the Probate Act.

Reversed and remanded with directions.

WRIGHT and REYNOLDS, JJ., concur.