*In re* ESTATE OF MARIANNE GARBEL, Deceased (Pauline Garbel, Petitioner-Appellee, v. Rose J. Klosowski, Respondent-Appellant).

First District (2nd Division)   No. 85—2135

Opinion filed April 22, 1986.

Paul E. Paldyak and Joseph N. Rathnau, both of Chicago, for appellant.

Robert A. Teppert, of McGlynn & Teppert, of Chicago, for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

In this appeal from a circuit court order appointing as administrator of an estate the nominee of decedent's whole-blooded sister, we are asked to review that appointment under certain provisions of the Probate Act of 1975 (Act) (Ill. Rev. Stat. 1983, ch. 110½, par. 1—1 *et seq.*), and also decide whether there was a showing of hostility or conflict of interest so as to affect the appointment of that administrator.

Decedent, who died on March 20, 1985, was survived by Pauline Garbel (Pauline), a sister of whole blood and a resident of Indiana, and Rose Klosowski (Rose), a sister of half blood and a resident of Illinois. Rose filed a petition for letters of administration and for letters of administration to collect. The latter petition was found to show good cause to issue such letters. Two weeks later, Pauline petitioned for letters of administration to issue to her nominee, to which Rose objected.

The circuit court heard argument on the opposing petitions of Rose and Pauline; rejected the suggestion that there was hostility between the petitioners or that Pauline's attorney had a conflict of interest; and, relying on preferences in the Act (Ill. Rev Stat. 1983, ch.

110½, par. 9—3), appointed Pauline's nominee as administrator. Rose appeals.

The Act provides that an Illinois resident who is at least 18 years old, of sound mind, and who has not been convicted of an infamous crime may serve as an administrator of an estate. (Ill. Rev. Stat. 1983, ch. 110½, par. 9—1.) Letters of administration are to be issued in accordance with preferences set out in the Act. (Ill. Rev. Stat. 1983, ch. 110½, par. 9—2.) Under section 9—3(f) of the Act, brothers and sisters or a person nominated by them are to be preferred in the issuance of letters of administration where, as in this case, the decedent is not survived by a spouse, child, legatee, grandchild or parent. (Ill. Rev. Stat. 1983, ch. 110½, par. 9—3(f).) Persons not qualified to act as administrator solely because they are not Illinois residents, but are United States residents, may nevertheless nominate in accordance with the Act's preferences. (Ill. Rev. Stat. 1983, ch. 110½, par. 9—3.) The Act provides that the court may grant letters to one or more persons, or to the nominee of one or more of them, preferring those of the whole blood or their nominee to those of the half blood or their nominee. Ill. Rev. Stat. 1983, ch. 110½, par. 9—3.

Rose maintains here that the foregoing provisions and judicial decisions interpreting them favor her appointment as administrator, relying upon *Justice v. Wilkins* (1911), 251 Ill. 13, 16, 95 N.E. 1025, *In re Estate of Smith* (1963), 41 Ill. App. 2d 86, 90, 190 N.E.2d 175, *In re Estate of Marco* (1942), 314 Ill. App. 560, 565, 41 N.E.2d 783, and particularly *In re Estate of Hartman* (1978), 65 Ill. App. 3d 380, 383, 381 N.E.2d 1221. In *Hartman*, the court declared generally that in deciding whether to appoint a sister of a decedent as administrator of an estate or the nominee of another sister, the sister should be appointed; therefore, Rose asserts, since she and Pauline belong to the same preferred sister class, Pauline's nominee constitutes a separate class of lower preference and the circuit court should have appointed her rather than Pauline's nominee as administrator.

Disregarded by Rose is the whole-blood/half-blood distinction prescribed by the Act. Pauline, a nonresident, who otherwise met the requirements for acting as an administrator, was entitled to nominate an administrator in accordance with the Act's preferences, which explicitly provides that where petitioners for letters of administration are equally situated those of the whole blood or their nominee are preferred over those of the half blood or their nominee. (Ill. Rev. Stat. 1983, ch. 110½, par. 9—3.) Although not an absolute right (*In re Estate of Abell* (1946), 395 Ill. 337, 346-47, 70 N.E.2d 252), this statutory entitlement to preference must be respected in the absence of an

adverse interest or hostility (*In re Estate of Smolen* (1972), 6 Ill. App. 3d 806, 286 N.E.2d 588; *In re Estate of Morrissey* (1976), 38 Ill. App. 3d 981, 349 N.E.2d 642). In the circuit court, Rose's attorney acknowledged that the circuit court had discretion to prefer the whole-blood petitioner over the half-blood petitioner.

Cases cited by Rose are inapposite in that they did not involve the whole-blood/half-blood distinction, but relatives of equal blood within the same statutory preference and the nominee of one of them. (*In re Estate of Hartman* (1978), 65 Ill. App. 3d 380, 381 N.E.2d 1221 (two sisters); *Justice v. Wilkins* (1911), 251 Ill. 13, 95 N.E. 1025 (niece and nephew); *In re Estate of Smith* (1963), 41 Ill. App. 2d 86, 190 N.E.2d 175 (father and mother); *In re Estate of Marco* (1942), 314 Ill. App. 560, 41 N.E.2d 783 (brother and sister).) In her reply brief, Rose suggests that the nominee of any brother or sister must be agreed to by all brothers and sisters, a contention for which there is some support in the cases (*Justice v. Wilkins* (1911), 251 Ill. 13, 17, 95 N.E. 1025; *In re Estate of Hartman* (1978), 65 Ill. App. 3d 380, 383-84, 381 N.E.2d 1221). A review of the record reveals, however, that this argument was not raised in Rose's principal brief or in the circuit court and must be deemed waived. (103 Ill. 2d R. 341(e)(7).) Further, requiring agreement of all class members could result in an impractical situation where a court would be unable to appoint a nominee. (*In re Estate of Hartman* (1978), 65 Ill. App. 3d 380, 384, 381 N.E.2d 1221.) Moreover, requiring such agreement here also would defeat application of the statutory whole-blood/half-blood distinction.

Conflict of interest is identified by Rose, who claims that strict application of the Act must give way to the necessity of achieving substantial justice between the interest parties. (*In re Estate of Abell* (1946), 395 Ill. 337, 346-48, 70 N.E.2d 252.) The alleged conflict is that the attorney representing Pauline and her nominee had gone through decedent's safety deposit box with William Hennessey to determine the extent and nature of decedent's assets and to secure their safety. The claimed hostility was based upon the absence of communication between Rose and Pauline since the former was age three, plus the fact that Pauline requested that communication between them be handled through the attorneys while the case was pending. The circuit court was provided with memoranda and heard argument with respect to the alleged conflict of interest and the asserted hostility between Rose and Pauline. Pauline's attorney stated that he did not represent the Hennesseys but had sought to determine whether decedent had been legally adopted by the Hennessey family with whom she had lived for a period of years. Finding no adoption papers, the

attorney searched for other heirs and found Pauline, who he now represents.

The circuit court was not persuaded by arguments of conflict or hostility and declared that it would exercise its discretion by following the preference of whole blood as provided by the Act.

We find no error in the circuit court's analysis and application of the statute nor any abuse of discretion. Accordingly, we must affirm.

Affirmed.

STAMOS and SCARIANO, JJ., concur.